979 A.2d 840

**Keith FISHER, Appellee**

v.

**COMMONWEALTH of Pennsylvania, Department
of Corrections, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 4, 2008.

Decided Aug. 17, 2009.

## *ORDER*

PER CURIAM.

**AND NOW,** this 17th day of August, 2009, the appeal is dismissed as moot.

Justice EAKIN files a dissenting statement in which Justice McCAFFERY joins.

Justice EAKIN (*dissenting*).

I dissent from the majority's dismissal of this matter as moot. The issue raised is whether the Department of Corrections (DOC) can rely on Administrative Directive 005's (DC–ADM 005) broad definition of "income" to justify withdrawal of money from appellee's inmate account to satisfy his child support obligations, when most of the money in appellee's account was gifted to him, and the Domestic Relations Code does not include gifted monies in support calculations. *See* 23 Pa.C.S. § 4302. The fact that appellee no longer has an inmate account, as he is no longer in prison, does not render this issue moot; this issue is clearly subject to repetition and likely to evade review, as there are many inmates with child support obligations serving short terms. *See Public Defender's Office of Venango County v. Venango County Court of*

*Common Pleas,* 586 Pa. 317, 893 A.2d 1275, 1279–80 (2006) (acknowledging review evasion exception to mootness doctrine).

I would review the claim and follow the reasoning of the Commonwealth Court dissenting opinion, which held this matter, sounding in equity, should have been dismissed, as appellee had an available remedy at law in the trial court. *See Fisher v. Commonwealth of Pennsylvania, Department of Corrections,* 926 A.2d 992, 996 (Pa.Cmwlth.2007) (Simpson, J., dissenting). Because the effect of appellee's challenge is to have the amount DOC may withdraw from his account reduced to zero, the result will be that the support order is rendered ineffective. As the proper forum for modifying or terminating a support order is the domestic relations division of the trial court, appellee's challenge belongs there. *See id.* (citing Pa.R.C.P.1910.19(f)(2) (allowing trial court to modify or terminate support order and remit arrears if obligor unable to pay, has no known income or assets, and there is no reasonable prospect he will be able to pay in foreseeable future)).

Furthermore, I disagree with the Commonwealth Court majority's determination that resolution of this matter turns on the Domestic Relations Code's definition of "income," *see id.,* at 995; the real issue is not what constitutes income for the limited purpose of calculating appellee's support obligation, but how to *enforce* this valid support order—the definition of income is relevant only in calculating support, not in collecting support.

Accordingly, I would reverse the Commonwealth Court's grant of appellee's application for summary relief and grant DOC's motion for judgment on the pleadings, without prejudice to subsequent petitions in the trial court.

Justice McCAFFERY joins this dissenting statement.