**Kelly Lee NASH, Appellee**

v.

**Matthew Thomas HERBSTER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 11, 2007.

Filed Aug. 24, 2007.

Matthew T. Herbster, appellant, pro se.

Kelly L. Nash, appellee, pro se.

BEFORE: HUDOCK, ORIE MELVIN and JOHNSON, JJ.

OPINION BY HUDOCK, J.:

¶ 1 Matthew Thomas Herbster (Appellant) appeals, *pro se,* from the order of the trial court denying his petition to modify the amount of his child support obligation without a hearing. We vacate and remand with instructions.

¶ 2 The pertinent facts and procedural history may be summarized as follows.[1] By order of court entered April 15, 2004,

Appellant was to pay a monthly amount of support for his son, Christian. On or about October 28, 2004, Appellant filed a petition to modify this support order. In this petition, he asserted that he was entitled to a decrease because he was "not making the income [he] used [to]." Petition, 10/28/04, at 2. In addition, Appellant sought to dispute the amount of arrears and stated that he would be represented by counsel. The parties were ordered to appear for an initial support conference on December 2, 2004. By Order of Court dated December 3, 2004, however, Appellant's petition was dismissed without prejudice because Appellant verbally withdrew it. The order stated that the April 15, 2004, support order was to remain in full force and effect.

¶ 3 On July 1, 2005, Appellant filed another petition for modification. In an accompanying letter to the Domestic Relations Section, Appellant stated:

I understand that being in prison alone is not enough to have a modification hearing. But I also have a change in my earning potential, [and] a change in my mental state that keeps me from holding steady employment. So there for [sic] I'm no longer standing alone with just incarceration. [If] I do not receive a hearing my next step will be to petition the higher court to squash [sic] your unjust rulings. And since you are a state wide [sic] system now [I'm] sure you can help file my visitation paperwork for me.

Letter, 7/1/05. An initial support conference was scheduled for August 1, 2005. In an order of court entered that same day, the trial court stated, "pursuant to the recommendations of the Director of Do-

---

1. The certified record contains very little background factual information, and Kelly Lee Nash has not filed a brief. Thus, the facts and procedural history are recreated from a review of the documents included in the certified record.

mestic Relations Section of this court; [Appellant's modification petition is] generally continue[d] pending receipt of [Appellant's] medical condition. [Appellant] is to provide the Domestic Relations Section of this court with proof of his medical condition within sixty (60) days." Order, 8/1/05, (capitalization removed).

¶ 4 By letter dated September 27, 2005, the Assistant Director of the Domestic Relations Section of the Court of Common Pleas of Mifflin County informed Appellant that he received his latest letter and that:

> At this point in time, providing your medical records will not be necessary, as no action will be taken while you are incarcerated. Once you are released, we can once again schedule a Conference on your Petition for Modification. Since there is no Order to appeal at this time, a Hearing De Novo will not be necessary nor will one be scheduled.
>
> Once your Petition has been acted upon, the case will then be transferred to the proper county.

Letter, 9/27/05.

¶ 5 On August 30, 2006, Appellant, in a separate civil action, filed several documents. He first filed a "Petition for Modification of Support Order" in which he asserted that he was seeking modification or termination of his existing support order because "[t]here has been a substantial change of circumstances in [his] earning capacity." Petition, 8/30/06, at 1. Appellant averred that he was incarcerated in a state correctional institution, with no income or assets, since December 28, 2004, and that he was "unable to pay, has no

known income or assets and there is no reasonable prospect that [he] will be able to pay in the foreseeable future." *Id.* Appellant also cited to the newly enacted Rule 1910.21(f) of the Pennsylvania Rules of Civil Procedure, and averred that "[d]ue to changes in this rule [his support] order is no longer able to be enforced under state law." *Id.* at 2. Finally, Appellant asserted that he planned to prove that the existing support order was unlawful and that he was overcharged for arrears while unemployed and incarcerated. He also filed a petition for leave to proceed *in forma pauperis.* The county prothonotary granted this petition that same day. Finally, Appellant filed a "Request for Hearing De Novo" in which he averred that there were errors in the amount of support awarded and in the calculation of his arrears. Appellant also asserted that permitting the Domestic Relations Section to "weigh" his case "would bring a biased decision." Request for Hearing De Novo, 8/30/06, at 1.

¶ 6 By order of court filed September 1, 2006, the trial court denied Appellant's petition to modify or terminate his support order. Within this order, the court specifically stated that: "Incarceration in a correction facility is not a change in circumstances that can be used to modify or terminate an existing support order. *Yerkes v. Yerkes*, 782 A.2d 1068 ( [Pa.Super.] 2001)[(unpublished memorandum), *aff'd* 573 Pa. 294, 824 A.2d 1169 (2003)]." Order, 9/1/06, at 1. Appellant filed a timely appeal from this order. Both Appellant and the trial court have complied with Pa.R.A.P. 1925(b).[2]

---

**2.** On November 15, 2005, this Court entered an order requiring the trial court to complete its Rule 1925(a) opinion within fourteen days and cited Pa.R.A.P. 1701(a) for the rule that, except as otherwise prescribed by the rules, after an appeal is taken the trial court may no longer proceed in the matter. The certified

record also contains an order from the trial court, at the civil docket number, scheduling a *de novo* hearing on Appellant's already dismissed modification petition for January 10, 2007. In a subsequent "Note to File," the trial court directed that the *de novo* hearing on the modification petition be removed from

¶ 7 Appellant raises the following issues on appeal:

(1) Did [the trial] court commit a direct violation of Due Process Right of Appellant?

(2) Does [*Yerkes, supra* ] apply completely to this case?

(3) Should child support cases be weighed on a single case?

(4) Does newly amended Rule of Civil Procedure Rule [sic] 1910.19(f) apply to my case?

(5) Did [the trial] court error [sic] in calculating [Appellant's] current support without using Civil Procedure Rule 1910.1. *et seq.* (seasonal worker)[?]

Appellant's Brief at 5. Central to all of Appellant's issues on appeal is his claim that Rule 1910.19(f) of the Pennsylvania Rules of Civil Procedure permits him to seek modification of his current support obligation even though he is incarcerated. We are constrained to agree.

■ ¶ 8 As our Pennsylvania Supreme Court has summarized:

Once a support order is in effect, "[a] petition for modification ... may be filed at any time and shall be granted if the requesting party demonstrates a substantial change in circumstances." 23 Pa.C.S. § 4532(a); *see also* Pa.R.C.P. No.1910.19 (stating standard for modification). Accordingly, it is the petitioning parent's burden to "specifically aver the material and substantial change in circumstances upon which the petition is based." Pa.R.C.P. No.1910.19(a); *see also Colonna v. Colonna*, 788 A.2d 430, 438 (Pa.Super.2001) (*en banc* ) (stating that burden is on moving party, *appeal granted*, 569 Pa. 678, 800 A.2d 930

(2002). A finding of either a "material and substantial change in circumstances" or no such change is reviewed on appeal for an abuse of discretion. *Bowser v. Blom*, 569 Pa. 609, 807 A.2d 830, 834 (2002); [*Larson v. Diveglia*, 549 Pa. 118, 700 A.2d 931, 932 (1997)]. "An abuse of discretion occurs where there is an error of judgment, a manifestly unreasonable decision, or a misapplication of law." *Larson*, 700 A.2d at 932; *see also Bowser*, 807 A.2d at 834 (defining "abuse of discretion" standard).

*Yerkes*, 824 A.2d at 1171.

¶ 9 In *Yerkes*, our Supreme Court stated that it had "never directly addressed whether incarceration, standing alone, is a 'material and substantial change in circumstances' that provides sufficient grounds for modification or termination of a child support order." *Id.* Thus, the high court discussed the advantages and disadvantages of three distinct approaches other jurisdictions have taken "to assessing the effect of incarceration on support obligations." *Id.* at 1172. After doing so, our Supreme Court stated: "In sum, we conclude that the 'no justification' rule best serves the interests of the child and is in harmony with fairness principles and the child support laws of Pennsylvania. Under the 'no justification' rule, it is clear that incarceration, standing alone, is not a 'material and substantial change in circumstances' providing sufficient grounds for modification or termination of a child support order." *Id.* at 1177 (footnotes omitted). In reaching this conclusion, the high court stated that, to the extent that this Court's decision in *Leasure v. Leasure*, 378 Pa.Super. 613, 549 A.2d 225 (1988), in which we held that a child support obligation should be suspended where the obli-

the court's "calendar due to issues on appeal with Superior Court." Note to File, 1/10/07,

at 1.

gor is incarcerated, conflicted with the "no justification" approached it has adopted, "we disapprove of it." *Yerkes,* 824 A.2d at 1177 n. 12.

¶ 10 In his concurring opinion, Justice Saylor opined that, although he saw merit to the majority's approach, he would endorse this Court's rationale in *Leasure, supra,* in which we afforded the trial court substantial discretion to assess the fact of incarceration as one factor in determining whether to grant a petition for modification or termination of child support. Justice Saylor found this approach to be the better approach, "particularly in the absence of a specific legislative directive otherwise." *Yerkes,* 824 A.2d at 1177 (Saylor, J., concurring). Nevertheless, Justice Saylor found that, given the particular circumstances of the case, the trial court did not abuse its discretion when it denied the appellant's petition for termination of his child support obligation. In a separate concurring opinion, Justice Eakin opined that, although he completely agreed with the majority's statement that "incarceration, standing alone, is not a 'material and substantial change in circumstances' providing sufficient grounds for modification or termination of a child support order[,]" he nevertheless could not agree that incarceration is not a substantial change of circumstance. According to Justice Eakin, "[w]hile incarceration should be acknowledged to be a significant change in circumstance, it may not be grounds for modification or termination of a child support order, as a matter of public policy." *Id.* (footnote omitted).

¶ 11 By order dated May 19, 2006, effective immediately, subdivision (f) was added to Rule 1910.19:

**Rule 1910.19. Support. Modification. Termination. Guidelines as Substantial Change in Circumstances.**

* * *

(f) Upon notice to the obligee, with a copy to the obligor, explaining the basis for the proposed modification or termination, the court may modify or terminate a charging order for support and remit any arrears, all without prejudice, when it appears to the court that:

(1) the order is no longer able to be enforced under state law; or

(2) the obligor is unable to pay, has no known income or assets and there is no reasonable prospect that the obligor will be able to pay in the foreseeable future.

The notice shall advise the obligee to contact the domestic relations section within 60 days of the date of the mailing of the notice if the obligee wishes to contest the proposed action. If the obligee objects, the domestic relations section shall schedule a conference to provide the obligee the opportunity to contest the proposed modification or termination. If the obligee does not respond to the notice or object to the proposed action, the court shall have the authority to modify or terminate the order and remit any arrears, without prejudice.

Pa.R.C.P.1910.19(f). In the accompanying Explanatory Comment, it is explained that: "New subdivision (f) addresses an increasing multiplicity of circumstances in which the continued existence of a court-ordered obligation of support is inconsistent with rules or law.... [A]n obligor with no verifiable income or assets whose ... incarceration ... precludes the payment of support renders the support order unenforceable and uncollectible, diminishing the perception of the court as a source of redress and relief."

¶ 12 In his 2006 modification petition, Appellant tracked the language of Rule 1910.19(f)(2) when requesting relief. Given the recent addition of this subdivision to Rule 1910.19, we have discovered no case law from this Court or our Supreme Court that discusses the application of this subdivision in relation to our Supreme Court's decision in *Yerkes, supra.* Moreover, the Explanatory Comment for the new subdivision makes no reference to the *Yerkes* decision. In *Fisher v. Commonwealth, Dept. of Corrections,* 926 A.2d 992, 996 (Pa.Cmwlth.2007), one Commonwealth Court judge agreed with the Department of Corrections assertion that an inmate may "seek modification of his [or her] support orders while in prison, as now allowed by Pa.R.C.P. No.1910.19(f)." *Id.* (Simpson, J., dissenting). Our reading of the subdivision supports such a conclusion. Thus, we vacate the order denying Appellant's petition and direct the trial court, upon remand, to follow the dictates of Rule 1910.19(f). We further note that the trial court may consider consolidating Appellant's petition at this civil docket number with Appellant's 2005 modification petition, which apparently is still pending at the domestic relations docket, as that petition alleges changed circumstances in addition to Appellant's incarceration.

¶ 13 Order vacated. Case remanded with instructions. Jurisdiction relinquished.

¶ 14 ORIE MELVIN, J. files a Concurring Statement.

CONCURRING STATEMENT BY ORIE MELVIN, J.:

¶ 1 Like the Majority, I am constrained to conclude that the recent amendment to Pa.R.C.P.1910.19(f) requires this Court to vacate and remand. I write separately only to emphasize that, on remand, the trial court retains the discretion under that Rule to determine whether Appellant's support obligation should be modified or terminated.

¶ 2 "Pursuant to a petition for modification, the trier of fact may modify or terminate the existing support order in any appropriate manner based upon the evidence presented." *Baehr v. Baehr,* 889 A.2d 1240, 1244 (Pa.Super.2005) (quoting Pa.R.C.P.1910.19(c)).

> When modification of a child support order is sought, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original or modified order. The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions.

*McClain v. McClain,* 872 A.2d 856, 863 (Pa.Super.2005) (citations omitted). Accordingly, our disposition does not necessarily entitle Appellant to the relief he is requesting. *See* Appellant's brief at 9.