Melissa L. PLUNKARD, Appellant

v.

John L. McCONNELL, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 23, 2008.
Filed Dec. 12, 2008.

Joseph E. Kubit, Butler, for appellant.

Christy P. Foreman, Pittsburgh, for appellee.

BEFORE: KLEIN, POPOVICH and FITZGERALD *, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Melissa L. Plunkard (Mother) appeals the order entered on February 19, 2008, in the Court of Common Pleas of Butler County, that granted the petition of John L. McConnell (Father) to terminate his support obligation for their minor child (Child), pursuant to Pa.R.C.P. 1910.19(f). Upon review, we reverse in part and remand.

¶ 2 The relevant facts and procedural history of this case are as follows. Mother gave birth to Child on August 25, 2000. Father and Mother were not married at the time of Child's birth, and they are not presently married to each other. Father's current support obligation to Child is $275.00 per month, and he is in significant arrears. Father was convicted of numerous criminal offenses and has been incarcerated since 2003. He is currently serving a 6–12 year sentence at the State Correctional Institution at Mercer (SCI–Mercer) for charges of aggravated assault, endangering the welfare of children, and simple assault. Father will be eligible for parole on December 6, 2008.

¶ 3 On February 22, 2007, Father filed *pro se* a petition for modification and termination of his support obligation. Within the petition, Father claimed that he was

* Former Justice specially assigned to Superior Court.

entitled to the termination of the support obligation and remittitur of the pending arrears because he was incarcerated, lacked income or assets, and was unable to pay the obligation for the foreseeable future. The domestic relations officer recommended that Father's petition should be granted, and the trial court adopted the domestic relations officer's recommendation by order entered November 5, 2007. Mother filed a petition for trial *de novo,* which occurred on January 30, 2008. Thereafter, on February 19, 2008, the trial court entered an order terminating Father's support obligation pursuant to Pa. R.C.P. 1910.19(f).[1] Mother, in turn, filed a timely notice of appeal to this Court, and, pursuant to the trial court's order, a timely concise statement of errors complained of on appeal. Thereafter, the trial court authored an opinion that adopted its February 19, 2008 memorandum as its response to the issues presented in Mother's concise statement.

¶ 4 Mother presents the following issue for our review:

> Whether the [trial court] erred in granting [Father's] motion for modification of an existing support order terminating the charging order for support and remitting all arrears[?]

Mother's brief, at 4.

■ ¶ 5 Initially, we note that our standard of review over the modification of a child support award is well settled. A trial court's decision regarding the modification of a child support award will not be overturned absent an abuse of discretion, namely, an unreasonable exercise of judgment or a misapplication of the law. *See Schoenfeld v. Marsh,* 418 Pa.Super. 469, 614 A.2d 733, 736 (1992). An award of support, once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a material

and substantial change in their circumstances warranting a modification. *See* 23 Pa.C.S.A. § 4352(a); *see also* Pa.R.C.P. 1910.19. The burden of demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion. *See Bowser v. Blom,* 569 Pa. 609, 807 A.2d 830 (2002).

■ ¶ 6 In a typical case, arrears can be modified retroactively only during the period in which a petition for modification is pending. *See* 23 Pa.C.S.A. § 4352(e). Title 23 Pa.C.S.A. § 4352(e) states the following:

> (e) **Retroactive modification of arrears.**—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

---

1. The trial court authored a memorandum in support of its order.

¶ 7 In the present case, Father sought modification of his support obligation and retroactive modification of his support arrears *for the entire effective period of the award* based upon evidence that he was incarcerated and that he was without sufficient income or assets to meet his child support obligation until released from prison. Until recently, the mere fact of a parent's incarceration was not considered by the Courts of this Commonwealth to be a "material and substantial change in circumstances" that would provide sufficient grounds for modification or termination of a child support order. *See, e.g., Yerkes v. Yerkes,* 573 Pa. 294, 307, 824 A.2d 1169, 1177 (2003). The basis for this principle was that incarceration, as opposed to institutionalization, results from intentional criminal conduct that results in a conviction and, therefore, was analogous to an obligor who voluntarily diminishes their income in an attempt to avoid a support obligation. *Id.,* at 307, 824 A.2d at 1177. However, on May 19, 2006, Pa.R.C.P. 1910.19 was amended to include the following subdivision:

(f) Upon notice to the obligee, with a copy to the obligor, explaining the basis for the proposed modification or termination, the court may modify or terminate a charging order for support and remit any arrears, *all without prejudice,* when it appears to the court that:

(1) the order is no longer able to be enforced under state law; or

(2) the obligor is unable to pay, has no known income or assets and there is no reasonable prospect that the obligor will be able to pay in the foreseeable future.

The notice shall advise the obligee to contact the domestic relations section within 60 days of the date of the mailing of the notice if the obligee wishes to contest the proposed action. If the obligee objects, the domestic relations section shall schedule a conference to provide the obligee the opportunity to contest the proposed modification or termination. If the obligee does not respond to the notice or object to the proposed action, the court shall have the authority to modify or terminate the order and remit any arrears, without prejudice.

(emphasis added).

¶ 8 The explanatory comment accompanying Rule 1910.19(f) states the following:

New subdivision (f) addresses an increasing multiplicity of circumstances in which the continued existence of a court-ordered obligation of support is inconsistent with the rules or law. An obligor with no known assets whose sole source of income is Supplemental Security Income or cash assistance cannot be ordered to pay support under Rule 1910.16–2. Likewise, an obligor with no verifiable income or assets whose institutionalization, incarceration, or long-term disability precludes the payment of support renders the support order unenforceable and uncollectible, diminishing the perception of the court as a source of redress and relief. Often, the obligor unable or unaware of the need to file for a modification or termination, or the parties abandon the action. In those circumstances, the courts are charged with managing dockets with no viable outcomes. Both the rules and the federal guidelines for child support under Title IV–D of the Social Security Act provide for circumstances under which a child support case may be closed.

 ¶ 9 Therefore, the law of this Commonwealth now affords an incarcerated parent the ability to petition to modify or terminate their support obligation where they are able to prove that the order is no longer able to be enforced under state law or that the incarcerated obligor parent is

without the ability to pay their child support obligation and there is no reasonable prospect that they will be able do so for the foreseeable future. *See Nash v. Herbster,* 932 A.2d 183, 188 (Pa.Super.2007).

¶ 10 Although Father's parole eligibility date is December 8, 2008, the trial court concluded that, in its experience, it would be highly unlikely that Father would be released from prison and would remain incarcerated for a period in excess of ten years with no ability to pay his support obligation to Child. Trial court memorandum, 2/19/2008, at 4. Accordingly, the trial court granted Father's petition to terminate his support obligation and remitted all pending arrears.

■ ¶ 11 Mother asserts first that the trial court abused its discretion in granting Father's request, due to his age (32 years) and his upcoming parole eligibility. We disagree with Mother's argument. First, the trial court is in the best position to determine the relative length of time that an individual will be incarcerated for their convictions, and we will not disturb its exercise of discretion on this point. If, in fact, Father is released at an earlier date, Mother will have the ability to petition the trial court for a reinstatement of Father's support obligation because the trial court's termination order was entered without prejudice to Mother to reinstate the support obligation. *See, e.g.,* Pa.R.C.P. 1910.19(f) (trial court may terminate charging order for support without prejudice to obligee party). Further, the record is clear that Father is without resources, has no present ability to pay his support obligation, and will be unable to do so for the foreseeable future. Therefore, the trial court did not abuse its discretion in terminating the support obligation for the duration of Father's imprisonment. *Id.* Accordingly, Mother's argument fails. However, our inquiry does not end here.

■ ¶ 12 Mother also asserts that the trial court abused its discretion by remitting **all** of the arrears that have accumulated in this case. We agree with Mother's assertion.

¶ 13 Rule 1910.19(f) states that the trial court *may* remit *any* arrears arising under a charging order of support when the obligor is unable to pay and there is no prospect that the obligor will be able to pay for the foreseeable future. However, the Rule does not automatically entitle an obligor to this broad relief. *See Nash v. Herbster,* 932 A.2d 183, 188 (Pa.Super.2007) (Orie Melvin, J., concurring). The record is clear that Father was in arrears of his support obligation *prior* to his incarceration. *See* Certified record no. 24, November 26, 2002 Order. We find that it would be inequitable for Father to "benefit" financially from his incarceration for support debts arising prior to his incarceration. Therefore, we depart from the trial court's conclusion that Father's incarceration in 2003 should serve as a basis for remitting his pre-incarceration support arrears debt.

■ ¶ 14 Instead, we find that Father's petition for termination of his support obligation and the arrears arising from that obligation should apply only to the period of his incarceration itself. We base our conclusion upon 23 Pa.C.S.A. § 4352(e). Section 4352(e) indicates that a trial court may modify arrears retroactively to a period of time prior to a pending modification petition for reasons of mental or physical disability, fraudulent conduct, or another "compelling reason."

¶ 15 Presently, Father was not precluded from filing his modification (termination) petition by virtue of fraud committed against him or his own disability. Rather, he was precluded from filing his termination petition due to the state of the law of this Commonwealth as it had exist-

ed prior to May 19, 2006, *i.e.*, the effective date of Pa.R.C.P. 1910.19(f). It is more than likely that Father would have filed his petition shortly after he was incarcerated, had the law permitted him to do so. Thus, it would also be inequitable to limit the termination of Father's arrears to the period of the pendency of his petition (as in the typical case) due to the state of the law at the time of his initial incarceration. *Cf.* 23 Pa.C.S.A. § 4352(e) (typically, retroactive modification of arrears permitted only during pendency of modification petition). Consequently, the sea change in the law presented a compelling reason to permit Father to seek termination of his arrears retroactively to the date that he was incarcerated. Therefore, we agree with the trial court's exercise of its discretion to remit those child support arrears that accrued to Father during the period of his incarceration.

¶ 16 Nevertheless, we cannot find that the change in the law constitutes a "compelling reason" such that it would justify a retroactive modification of Father's pre-incarceration support arrearages. It has long been a precept of statutory construction that general words and phrases must be construed to take their meanings by preceding particular words. *See* 1 Pa. C.S.A. § 1903(b). The particular words and phrases preceding "other compelling reason" within Section 4352(e) are "precluded," "misrepresentation of another party" and "physical or mental disability." Therefore, it follows that the "compelling reason" that would justify a retroactive modification of Father's pre-incarceration support arrears would have resulted from a *pre-incarceration event* similar to the aforementioned that precluded him from "having his day in court" and that was beyond his capacity to control. Neither situation is present here, as Father, while incarcerated, merely attempted to reap the benefit of a fortuitous change in the law regarding his pre-incarceration child sup-

port debt. Consequently, we are constrained to conclude that there was no "compelling reason" for the trial court's retroactive modification of Father's pre-incarceration support arrears. *See* 23 Pa. C.S.A. § 4352(e); *see also Nash,* 932 A.2d at 188 (Orie Melvin, J., concurring). Therefore, we reverse the trial court's order in part and remand with the directive that it reinstate Father's pre-incarceration support arrears.

¶ 17 Order reversed in part. Case remanded with instructions. Jurisdiction relinquished.