J-A09027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JACQUELYN MOLINARO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. MOLINARO, | : | |
| | : | |
| Appellant | : | No. 1578 WDA 2017 |

Appeal from the Order September 28, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No.: FD13-004963-017

BEFORE: BOWES, J., DUBOW, J., and MURRAY, J.

JUDGMENT ORDER BY DUBOW, J.:                    FILED JULY 30, 2018

Appellant, Michael A. Molinaro ("Father") appeals from the September 28, 2017 Order of the Allegheny County Court of Common Pleas that, inter alia, denied Father's Exceptions alleging that a hearing officer miscalculated his income and ordered him to pay child support to Appellee, Jacquelyn Molinaro ("Mother").[1] Because the trial court has agreed that it erred in calculating Father's income, we vacate the September 28, 2017 Order and remand.

The parties are familiar with the procedural and factual history of this case, and we need not restate it in detail here. In sum, Father and Mother were married on March 28, 2009 and divorced on March 31, 2016. They are

_____

[1] Although the Order is dated September 22, 2017, it does not appear on the docket until September 28, 2017. We have changed the caption accordingly.

parents to two minor children. Father initiated a custody case on November 18, 2013, seeking primary or shared custody.

In June 2014, the parties reached an interim agreement for Father to pay a total of $2,800 in monthly support: $1,277 in child support, and $1,523 in spousal support/alimony pendente lite. Pursuant to the agreement, Mother and Father shared physical and legal custody. On July 22, 2014, the trial court entered a formal Order imposing the above obligations during the pendency of the support and divorce proceedings.

On April 13, 2016, the trial court issued an Order that required Father to pay a monthly child support obligation of $1,190.56, plus arrearages. On February 16, 2017, Father filed a Petition to Modify Support.

On May 1, 2017, after a hearing, the Hearing Officer recommended that the trial court (1) deny Father's Petition to Modify Support, and (2) order Father to pay a monthly child support obligation of $1,273.77, plus arrearages. On May 12, 2017, Father filed Exceptions to the Findings of the Hearing Officer based on the recalculation of his income. The trial court heard oral argument on the matter on September 7, 2017.

In an Order dated September 22, 2017, and docketed on September 28, 2017, the trial court denied Father's Exceptions, affirmed and adopted the Hearing Officer's Recommendations, and ordered Father to pay the monthly child support obligation of $1,273.77, plus arrearages.

Father timely appealed. Both Father and trial court complied with Pa.R.A.P. 1925.

Father raises the following issue on appeal:

Whether the [t]rial [c]ourt abused its discretion and committed clear error in calculating Appellant's income for support purposes.

Appellant's Brief at 3.

Our scope of review is limited when reviewing a support order entered in a custody proceeding. Style v. Shaub, 955 A.2d 403, 406 (Pa. Super. 2008). We may reverse a child support order only if we find that the order cannot be sustained on any valid ground. McClain v. McClain, 872 A.2d 856, 860 (Pa. Super. 2005).

"A trial court's decision regarding the modification of a child support award will not be overturned absent an abuse of discretion, namely, an unreasonable exercise of judgment or a misapplication of the law." Plunkard v. McConnell, 962 A.2d 1227, 1229 (Pa. Super. 2008). Importantly, we acknowledge that "the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests." McClain, 872 A.2d at 860 (citation and quotation omitted).

A party may file a petition for modification of a support order at any time and a trial court should grant the modification if the petitioning party demonstrates a material and substantial change in their circumstances that warrants a modification. See 23 Pa.C.S. § 4352(a); Pa.R.C.P. No. 1910.19. The moving party has the burden of demonstrating a material and substantial

change, and "the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion." Plunkard, supra at 1229.

In child support proceedings, the fact-finder is free to weigh the evidence presented and assess its credibility. Green v. Green, 783 A.2d 788, 791 (Pa. Super. 2001). Moreover, we are bound by the trial court's credibility determinations. Wade v. Huston, 877 A.2d 464, 465 (Pa. Super. 2005).

Here, after providing a detailed recitation of the Hearing Officer's calculations and the facts relevant to Father's income, the trial court opined that it had miscalculated Father's income due to the Hearing Officer's error. See Trial Court Opinion, dated 12/11/17, at 2-3 (unpaginated). Thus, the trial court "recommend[ed] that the September 22, 2017 Order be vacated and the matter be remanded for recalculation of the support owed in light of Father's incorrectly calculated monthly income and previously considered deductions." Trial Court Opinion at 3.

After reviewing the certified record, we agree with the trial court's assessment. We, thus, vacate the September 28, 2017 Order, and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2018