J-S36016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HEIDI C. NOLL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL J. ABELN | : | |
| | : | |
| Appellant | : | No. 2924 EDA 2017 |

Appeal from the Order Entered July 20, 2017
In the Court of Common Pleas of Lehigh County Domestic Relations at
No(s):  DR-08-00139,
PACSES CID 907109757

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 13, 2018**

Appellant, Paul J. Abeln ("Father"), appeals from the July 20, 2017 Order[1] entered in the Court of Common Pleas of Lehigh County, which denied and dismissed Father's Petition for Modification of an Existing Support Order ("Petition to Modify").  After careful review, we affirm.

The parties are familiar with the procedural and factual history of this case, and we need not state them in detail here.  In sum, Father and Appellee, Heidi C. Knoll ("Mother"), married in February of 2006, and their child, P.C.A., was born in August of 2006.  The parties separated in March of 2007.  Father filed for divorce and custody on March 30, 2007.  The parties have engaged in highly contentious litigation for the past ten years.

---

[1] The Order is dated July 14, 2017, but it does not appear on the docket until July 20, 2017.

Most relevant to this appeal, on January 22, 2008, Mother filed a Complaint for Child Support. On July 3, 2008, the trial court entered an interim support Order, which ordered Father to pay $810 per month in child support to Mother. On January 22, 2009, after the parties litigated Exceptions, the trial court made the Order final.

On April 6, 2015, Father filed a Petition to Modify. On May 18, 2015, after a support conference, the Hearing Officer issued an Order reducing Father's child support obligation to $502.86 per month. Mother requested a *de novo* hearing.

The parties appeared at hearings before a Hearing Officer on June 15, 2015, August 28, 2015, and September 22, 2016. During this time, the parties both filed numerous petitions to compel discovery and petitions for contempt. On October 25, 2016, the Hearing Officer recommended dismissal of Father's Petition to Modify based on Father's "failure to comply with [a discovery] Order and his lack of candor under oath about any efforts he made to obtain the checks the Court directed him to produce." Trial Court Opinion, dated 10/16/17, at 6. On October 27, 2016, the trial court adopted the Hearing Officer's recommendation, and denied and dismissed Father's Petition to Modify.

On November 16, 2016, Father filed Exceptions, and the trial court heard argument on January 7, 2017. On February 6, 2017, the trial court, *inter alia,* sustained one of the Exceptions and vacated the October 27, 2016 Order dismissing Father's Petition to Modify. The trial court remanded the

case back to the Hearing Officer for a decision on the merits, but precluded both parties from presenting further evidence as a sanction for violating discovery orders.

On February 21, 2017, the Hearing Officer once again recommended that the trial court deny and dismiss Father's Petition to Modify. On March 2, 2017, the trial court adopted that recommendation and issued an Order to that effect. Father filed a Motion for Recusal of the Hearing Officer. On March 31, 2017, the trial court granted Father's Motion, vacated its March 2, 2017 Order, and scheduled a new support hearing. On May 19, 2017, the trial court held a hearing, granted oral motions from both parties to move all of the exhibits and transcripts into evidence, and heard oral arguments from both parties.

The trial court considered the following evidence. Father has a Bachelor of Science degree in Mechanical Engineering, a Master of Engineering degree, and a Master of Business Administration Degree with a specialty in Finance and Marketing. In August 2011, Father worked for Merrill Lynch as a financial advisor with a yearly salary of approximately $70,000. On September 11, 2014, Father began working for Morgan Stanley as a financial advisor. Father earns approximately $11 per hour plus commissions, or approximately $27,000 per year, working for Morgan Stanley. *See* N.T. Hearing, 8/28/15, at 103-04; Exhibit D-3. Father presented evidence that his compensation from January 1, 2015 through May 31, 2015 totaled $11,885.41. *See* Exhibit D3. Father also presented evidence that the net annual income from a rental

property that he owned was $53,222. *See* N.T. Hearing, 6/16/15, at 50-79; Exhibit D-7. Father testified to various expenses that he incurred, including business related expenses, but failed to provide supporting documentation to the trial court. Father admitted that he does not have any physical or mental disabilities that affect his employment status. N.T. Hearing, 8/28/25, at 48. Father shares 50/50 legal and physical custody of his child with Wife. *Id.* at 54.

Mother is an attorney who is self-employed at her own law firm. Mother presented expert testimony from Bruce C. Loch, a forensic accountant, who testified that Mother earned a gross income of $60,376 through 2014. *Id.* at 146. Mother presented expert testimony from Tery Dailey, a vocational expert, who testified that Father could earn an income of $100,680 as a financial advisor, $194,670 as a marketing consultant, and $61,580 as a mechanical engineer. *Id.* at 180-83.

On July 20, 2017, the trial court entered an Order, which denied and dismissed Father's Petition for Modification. The trial court made a finding that Father's earning capacity was $90,000 per year and that Father failed to meet his burden of proving a substantial and material change in circumstances. Order, filed 7/20/17, at 3, 6.

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P 1925.

Father raises the following two issues on appeal:

1. Did the lower court err by finding that [Father] had not demonstrated a material change in circumstances?

2. Did the lower court abuse its discretion when it adopted an earning capacity amount that was not supported by sufficient evidence?

Father's Brief at 4.

We may reverse a child support order only if we find that the order cannot be sustained on any valid ground. **McClain v. McClain**, 872 A.2d 856, 860 (Pa. Super. 2005). "A trial court's decision regarding the modification of a child support award will not be overturned absent an abuse of discretion, namely, an unreasonable exercise of judgment or a misapplication of the law." **Plunkard v. McConnell**, 962 A.2d 1227, 1229 (Pa. Super. 2008). Importantly, we acknowledge, "the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests." **Arbet v. Arbet**, 863 A.2d 34, 39 (Pa. Super. 2004) (citation omitted).

A party may file a petition for modification of a support order at any time and a trial court should grant the modification if the petitioning party demonstrates a material and substantial change in their circumstances that warrants a modification. **See** 23 Pa.C.S. § 4352(a); Pa.R.C.P. 1910.19. The moving party has the burden of demonstrating a material and substantial change, and "the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion." **Plunkard, supra** at 1229.

This Court has repeatedly stated, "a person's support obligation is determined primarily by the parties' actual financial resources and their earning capacity. Although a person's actual earnings usually reflect his earning capacity, where there is a divergence, the obligation is determined more by earning capacity than actual earnings." **Woskob v. Woskob**, 843 A.2d 1247, 1251 (Pa. Super. 2004) (citations omitted). The Pennsylvania Support Guidelines state that there "generally will be no effect on the support obligation" if a party "voluntarily assumes a lower paying job, quits a job, leaves employment, changes occupations or changes employment status to pursue an education, or is fired for cause." Pa.R.C.P. No. 1910.16-2(d)(1). Moreover, if a party has willfully failed to maintain appropriate employment, the trier of fact "may impute to that party an income equal to the party's earning capacity." Pa.R.C.P. No. 1910.16-2(d)(4). "Earning capacity is defined as the amount that a person realistically could earn under the circumstances, considering his age, health, mental and physical condition, training, and earnings history." **Woskob, supra** at 1251 (citation omitted); **see also** Pa.R.C.P. No. 1910.16-2(d)(4).

Finally, in child support proceedings, the fact-finder is free to weigh the evidence presented and assess its credibility. **Green v. Green**, 783 A.2d 788, 791 (Pa. Super. 2001). The trial court is "free to choose to believe all, part, or none of the evidence presented." **Mackay v. Mackay**, 984 A.2d 529, 533 (Pa. Super. 2009) (citation omitted). We are bound by the trial court's

credibility determinations. **Wade v. Huston**, 877 A.2d 464, 465 (Pa. Super. 2005). "This Court is not free to usurp the trial court's duty as the finder of fact." **Mackay, supra** at 533 (citations omitted).

In his first issue, Father avers that the trial court abused its discretion when it determined that he had not demonstrated a material and substantial change in circumstances. Father's Brief at 10. Father argues that his reduction in income when he transitioned from employment at Merrill Lynch to employment at Morgan Stanley constitutes a material and substantial change in circumstances. **Id.** at 10-11.

Instantly, the trial court opined that Father "was not credible in asserting that he sustained a drastic decrease in income[.]" Trial Ct. Op. at 17. The trial court also found that Father failed to provide relevant documentation to support his claims regarding his reduced income, despite the court issuing multiple discovery orders compelling the production of the documents. **Id.** at 15, 17. The trial court opined that Father's repeated noncompliance with discovery requests had an adverse impact upon Father's credibility. **Id.** at 17.

We are bound by the credibility determinations of the trial court. The fact-finder did not find Father's testimony regarding his reduced income to be credible. Additionally, the record supports the trial court's findings regarding Father's failure to provide relevant discovery, despite court orders directing him to do so. Accordingly, we conclude that the trial court did not abuse its

discretion when it determined that Father failed to meet his burden of demonstrating a material and substantial change.

In his second issue, Father avers that the trial court abused its discretion when it assigned him an earning capacity of $90,000, without sufficient and competent evidence in the record to support that finding. Father's Brief at 11-12. Father argues that the trial court relied primarily on the vocational expert's testimony, which was "woefully deficient" and did not factor Father's actual circumstances into the analysis. *Id.* at 12-13. Father is essentially challenging the weight of the evidence.

Contrary to Father's assertion, in reaching its decision, the trial court considered not only the testimony of the vocational expert, but the record as a whole, including "the extensive transcripts and exhibits admitted into evidence during the hearings before the hearing officers." Trial Ct. Op. at 15. The trial court then "evaluated the evidence against the requisite factors for assessing a support obligor's earning capacity." *Id.* at 16-17. The record reflected that Father had numerous advanced degrees, Father had no physical or mental disabilities, Father had over twenty-five years of professional experience in the workforce, and Father was responsible for childcare fifty percent of the time. The trial court then determined that Father "was capable of earning drastically more" than his reported income and "[w]ith his degrees, skills, training, and expertise in his various fields, an earning capacity of $90,000 is well-supported by the record." *Id.* at 17.

In light of our highly deferential standard of review, we decline to reweigh the evidence upon which the trial court based its factual determination. We conclude that there are valid grounds upon which to sustain the court's determination. Accordingly, no relief is due.

In conclusion, the trial court did not abuse its discretion when it denied and dismissed Father's Petition to Modify.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/18