J-S20031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUWANNEE KARNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC S. KARNER | : | |
| | : | |
| Appellant | : | No. 3305 EDA 2019 |

Appeal from the Order Entered October 18, 2019
In the Court of Common Pleas of Bucks County Domestic Relations at
No(s):  No. 2015 DR 01804

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: July 30, 2020

Eric S. Karner ("Father") appeals from the order denying his motion to modify child support. We conclude the trial court did not err in finding Father failed to establish a change in circumstances, and affirm.

Suwannee Karner ("Mother") and Father have two minor children, and once divorce proceedings began, Mother filed a Complaint for Support. The court issued various orders, setting the support amount and addressing petitions for modification and petitions for contempt. In September 2017, the court ordered Father to pay $1,400 per month in child support. This order was "based on [Father's] net monthly income of $2,284.00 and [Mother's] net monthly income of $1,734.52." Order, filed Sept. 22, 2019. The court provided that it "deviate[d] from the guidelines as [Father] had no living expenses or vehicle expenses." *Id.* Additional petitions for modification were filed, which the court denied.

In January 2019, Father filed a petition for modification of the support order. Mother filed a petition for contempt. The court conducted a hearing and, on March 1, 2019, it modified the support award to require Husband to pay $1,210.00 per month in child support. The court determined that Father had a net monthly income of $2,447.89 and Mother had a net monthly income of $1,629.28. N.T., 3/1/19, 4-5. The court found that "Father did intentionally do things to reduce his income" and "that he is receiving significant support from his parents." *Id.* at 7. The court dismissed the contempt petition. Mother filed a notice of appeal, and this Court dismissed the appeal in July 2019 because Mother had not filed a brief.

On March 12, 2019, 11 days after the court ruled on Father's petition for modification and entered the order setting the support amount, Father filed another petition for modification. The court denied it in August 2019. The court found that "[Father's] testimony regarding his alleged decrease in income lacks credibility" and that "his latest alleged change of his employment status is the result of his continued efforts to intentionally reduce his income or to avoid his obligation to support his children due to his desire to harm the Mother of the children." Order, filed Aug. 7, 2019. It concluded that "Father continued to have the ability to earn a gross income of at least $17.50 per hour working 40 hours per week or $36,400.00 per year." *Id.* Father filed a notice of appeal, and this Court dismissed it because Father failed to file a docketing statement.

In August 2019, Mother filed a petition for modification. Mother attempted to withdraw the petition, but Father did not agree to the withdrawal.

The court held a hearing where Father testified about his income from September and October, as well as prior months, and asked the court to base the support on actual income, rather than earned capacity and reduce the amount of child support. Father testified that at the end of March he began training fighters in Muay Thai, a form of martial arts, and he continued to train fighters at the time of the hearing. N.T., 10/18/19, at 12-13. From August through October, he said he earned a gross income of between $2,000 and $2,500 per month. *Id.* at 15-16. He testified that he spends $200 per month on gas for his employment. *Id.* at 28-29. Mother testified that she works an average of 25 hours per week and, as of September 10, 2019, she had earned $19,823.50 in 2019. *Id.* She pays $76 per week for childcare. *Id.* at 55. The court denied the petition for modification, and Father filed this timely appeal.

Father raises the following issues:

> 1. Did the trial court abuse its discretion and err as a matter of law in determining there has been no change in circumstances?
>
> 2. Did the trial court abuse its discretion and err as a matter of law in failing to recalculate appellees actual income considering the substantial evidence admitted at trial?
>
> 3. Did the trial court err as a matter of law by miscalculating the entire support order by not using both parties actual combined income?

4. Did the trial court abuse its discretion and err as a matter of law in failing to appropriately adjust the current support order based on the pay stubs that [Mother] provided to Domestic Relations?

5. Did the trial court abuse its discretion and err as a matter of law in failing to calculate [Father's] support obligation and make the proper adjustments, according to the 50/50 shared custody schedule. *See* Rule 1910.16-1 (E) Shared Custody and Rule Pa.R.C.P. No. 1910.16-4(c).

6. Did the trial court abuse its discretion and err as a matter of law in failing to not instruct Domestic Relations to re-calculate [Mother's] current net income, based on the most recent pay stubs that [Mother] provided on October 18, 2019?

7. Did the trial court abuse its discretion and err as a matter of law by failing to assign appellee to a similar full time earning capacity?

8. Did the trial court abuse its discretion and err as a matter of law by determining there is no change in [Mother's] childcare costs?

9. Did the trial court abuse its discretion and err as a matter of law in failing to recalculate support based on both parties combined monthly income?

Father's Br. at 3-5 (trial court answers omitted).

Some of the issues Father asserts are not properly before us. Father appealed from an order denying a petition for modification of a child support order, and therefore the sole question is whether the court abused its discretion in denying modification, that is, whether the court properly found no changed circumstances. To the extent Father attempts to raise issues unrelated to the finding of no changed circumstances, the issues are not properly before us.

We review an order denying a petition for modification of a child support order for an abuse of discretion, "namely, an unreasonable exercise of judgment or a misapplication of the law." ***Plunkard v. McConnell***, 962 A.2d 1227, 1229 (Pa.Super. 2008).

"An award of support, once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification." ***Id.***; ***see also*** 23 Pa.C.S.A. § 4352(a). The party requesting the modification has the "burden of demonstrating a 'material and substantial change.'" ***Id.***

Father alleges that Mother's testimony supports a finding that she had decreased child care expenses and that this alleged decrease, coupled with Mother's pay stubs, establish a change in circumstances. He argues that he "is responsible for providing food, shelter and clothing for their two young children during his fifty[-]fifty custodial times" and "[t]he current order forces [Father] well below the federal poverty level." Father's Br. at 12.

Here, the trial court concluded Father had not established a change in circumstances since the entry of the August 2019 order. It reasoned:

> At the modification hearing, Father submitted his Profit/Loss Statement and various exhibits relating to Mother's income. Mother submitted various documentation related to childcare expenses. The aforesaid exhibits did not confirm that Father's net monthly income had been reduced. If anything, they confirm that Father has been slowly but successfully increasing his net monthly income.
>
> Upon reviewing the evidence submitted we found that Father did not meet his burden of showing a material and

substantial change to his circumstances since the Order on August 7, 2019.

The history of this case established that prior to the breakup of the parties' marriage, Father had successful martial arts gyms and also took trips to Thailand with martial arts students. It also showed that the parties enjoyed an upper middle class living. Upon the breakup of the marriage, Father's businesses suddenly failed and their house went into foreclosure. Father then moved into his parents' home, used a vehicle provided by them and worked in their landscaping business. We deviated from the guidelines in the original support determination due to the fact that Father had no living expenses since his parents were providing all of them for him. At that time we believed that the alleged failure of his businesses was caused by him in an effort to avoid support and possible equitable distribution payments to Mother.

In response Father moved out of his parents' home and into a home he was "renting." The evidence established that the rented home was owned by his parents. Father later alleged he was laid off by his parents over the winter. Later, when his unemployment benefits were expiring and the landscaping season was resuming, his position was that his parents closed their landscaping business and he therefore had no job to return to. He then elected to resume his involvement in the martial arts business by becoming a trainer.

All along, Mother maintained that Father had simply transferred his business to friends and was purposely reducing his income. While Mother was not able to produce concrete evidence to support her belief, we found that the circumstantial evidence showed that her belief was true. However, throughout the proceedings in this case, we felt that entering a support order based on Father's former earnings, while possibly justified, would not serve any useful purpose. Therefore, throughout the history of the case, we entered orders based on what we determined Father could actually pay based on his earnings or earning capacity at the time we entered each Order.

Given the long history of this case, we saw all of Father's efforts as an attempt to intentionally reduce his income or

avoid his support obligation due to his desire to harm Mother. The Domestic Relations Officer who held the conference in this case, also concluded that there was no change in circumstances and that [Father's] latest petition should be denied and dismissed. We agreed and did so. This was the third petition for modification of support filed in 2019 alone. In entering our previous Order modifying support, Father was assigned an earning capacity of $34,400 per year that continues to align with his skills and employment status.

Trial Court Opinion, filed Jan. 7, 2020, at 7-9.

The trial court did not abuse its discretion in concluding Father did not establish a change in circumstances since the August 2019 Order. Father testified regarding his income and admitted into evidence an earning/loss report, and presented evidence regarding Mother's earnings and child care expenses. Such evidence, however, did not establish a material and substantial change in circumstances. The court properly refused to modify the child support order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/20