J-S01033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STACI E. MINNICH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY W. URYC JR. | : | |
| | : | |
| Appellant | : | No. 1162 MDA 2023 |

Appeal from the Order Entered June 29, 2023
In the Court of Common Pleas of Lancaster County
Domestic Relations at No(s):  1855-2010

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: OCTOBER 9, 2024**

Gary W. Uryc Jr., *pro se*, appeals from the order dismissing his appeal

from a petition that he filed to modify his child support obligation. We affirm.

As summarized by the lower court:

[Uryc] and [Appellee, Staci E. Minnich[1],] have three children together. On June 28, 2010, [Appellee] requested support for their three children and was granted monthly support from [Uryc]. In September of 2010, [Uryc] was arrested and incarcerated for crimes he committed against one of his children. On August 20, 2013, the support order was modified to … non-financial as [Uryc] at the time had no known income or assets. He was ordered to pay $20 per month in arrears. On October 25, 2013, [Uryc] was directed to pay $100 per month towards the remaining arrears. It was determined that [c]hild support continued to accrue while [Uryc] was incarcerated as the crime was committed against one of his children. [Uryc] filed a petition to modify the October 25th order and his petition was dismissed because there was not a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellee has not filed a brief in this appeal.

substantial change in circumstances. [Uryc] appealed this decision, and the order was affirmed on March 18, 2016.

At the time of the [s]upport [a]ppeal [h]earing, [Uryc] was serving a 32-[to-]64-year sentence in prison. The formal support order was entered on May 29, 2020 and directed that the case be placed on an arrears-only basis. [Uryc] was required to pay $105 per month towards his arrears and fees. [Uryc] disputed having an obligation to pay towards the arrears and filed a [p]etition for [m]odification on March 8, 2023. Following a conference held on April 4, 2023, where no agreement was reached, the officer recommended that the petition be dismissed without prejudice, finding that there had been no substantial change in circumstances. The court entered an order based on the officer's recommendation.

On May 8, 2023, [Uryc] filed a demand for a hearing. On June 8, 2023, the arrears balance was $57,170.49. During the June 15, 2023 [s]upport [a]ppeal [h]earing, [Uryc] indicated that he gets paid 61 cents an hour for 40 hours a week. [Uryc] argued that because he had a mental health condition and was on medications [] he was unable to argue his [prior] petition when the arrears were accruing. He argued that he had a substantial change in circumstances mentally and could fully advocate for himself now. He presented the argument that at the time of the accrual there was no known income or assets attributable to him.

Trial Court Opinion, 9/12/23, at 1-2 (record citations omitted).

After the court dismissed Uryc's appeal, he filed a timely notice of appeal to this Court as well as a timely statement of errors complained of on appeal.

Uryc raises two issues:

1. Did the lower court err and/or abuse its discretion by denying his petition for relief when it failed to recognize his underlying psychiatric claim?

2. Did the lower court err and/or abuse its discretion by denying his petition for relief, following an uncontested *de novo* hearing, wherein there was irrefutable evidence to support that he had undergone a material/substantial change in circumstances?

Appellant's Brief, at 4.

We apply the following standard of review:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Summers v. Summers*, 35 A.3d 786, 788 (Pa. Super. 2012) (citation omitted).

Moreover, we have explained that

> this Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first[ ]hand.
>
> When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, and the court is free to choose to believe all, part, or none of the evidence presented. This Court is not free to usurp the trial court's duty as the finder of fact.

*Mackay v. Mackay*, 984 A.2d 529, 533 (Pa. Super. 2009) (citations omitted) (formatting altered).

We further note that an award of support, once in effect, may be modified via petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. *See* 23 Pa.C.S. § 4352(a); *see also* Pa.R.[Civ].P. 1910.19. The burden of

- 3 -

demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion.

***Summers***, 35 A.3d at 788-89 (some citations omitted) (formatting altered).

Germane to this case, Rule 1910.19(f) indicates that "the court may modify or terminate a charging order for support and remit any arrears, all without prejudice, when it appears to the court that … the obligor is unable to pay, has no known income or assets and there is no reasonable prospect that the obligor will be able to pay in the foreseeable future." Pa.R.Civ.P. 1910.19(f)(2). The explanatory comment goes on to state that "an obligor with no verifiable income or assets whose institutionalization, incarceration or long-term disability precludes the payment of support renders the support order unenforceable and uncollectible, diminishing the perception of the court as a source of redress and relief." ***Id***., Explanatory Comment; ***see also*** 23 Pa.C.S. § 4352(a.2) ("Incarceration, except incarceration for nonpayment of support, shall constitute a material and substantial change in circumstance that may warrant modification or termination of an order where the obligor lacks verifiable income or assets sufficient to enforce and collect amounts due.").

We address Uryc's two issues, which largely overlap, together. He argues that he previously received treatment "for a clinically recognized, mental disorder" that inhibited his "ability to properly respond to [prior] court proceedings, until recently." Appellant's Brief, at 9, 12 ("Since the prescribed

treatment and alternative treatment plans during this incarceration period there has been a complete sym[p]toms remission with the hallucinations and favorable overall results[.]"). Purportedly through medical documentation, Uryc "alerted the court [demonstrating the necessity for] relief from the arrears that had accrued during this incarceration period." *Id*., at 9. Uryc desired the court "to erase the arrears and close the case." *Id*. Specifically, Uryc challenges the period from his "2010 diagnosis to 2013." *Id*., at 11. Uryc also states that "[t]he court should have only applied the pre[-]incarceration arrears, *Plunkard v. McConnell*, 962 A.2d 1227 (Pa. Super. 2008)." Appellant's Brief, at 13.

Preliminarily, we note that to the extent Uryc attempts to relitigate issues that have already been addressed by this Court in *S.E.U. v. G.W.U., Jr.*, 1536 MDA 2015 (Pa. Super., filed March 18, 2016) (unpublished memorandum), he is collaterally estopped from doing so. Collateral estoppel "operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction." *Vignola v. Vignola*, 39 A.3d 390, 393 (Pa. Super. 2012) (citation omitted). Collateral estoppel is applicable where:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

***E.K. v. J.R.A.***, 237 A.3d 509, 521 (Pa. Super. 2020) (citation omitted).

In refuting the applicability of ***Plunkard***, which Uryc relies upon in the present appeal,[2] this Court found that:

> On October 28, 2013, the [lower] court entered an order requiring him to pay $100 on arrearages that had accrued while [he] was in jail. [Uryc] could have appealed the order refusing to release him from his arrearages obligation at that time. When [he] filed the present petition [on] June 5, 2015, the law was no different than it was in 2013, and [Uryc's] circumstances, imprisonment, were the same. Hence, there was no material and substantial change in circumstances permitting modification of the October 28, 2013 order.

***S.E.U.***, 1536 MDA 2015 at *7.

Moving beyond this Court's prior decision, even assuming that he did, in fact, suffer from extensive mental health conditions at the beginning of his tenure as an incarcerated individual, Uryc has failed to demonstrate how that status constitutes a "material and substantive change" that warrants relief in the form of a modification or termination of his child support obligation. In the petition, Uryc does not allege that these "newly discovered" mental health issues prevented him from being able to pay back his support obligation in a way that is distinguishable from his obviously diminished employment

---

[2] ***Plunkard*** held that Rule 1910.19(f) affords an incarcerated parent the ability to seek modification or termination of a support obligation based upon inability to pay and affirms trial court order terminating incarcerated parent's child support obligation. ***See*** 962 A.2d at 1230-31.

prospects while incarcerated. **See generally** Petition for Modification of Existing Support Order Due to Substantially Changed Circumstances, 3/8/23.

The lower court found that Uryc "did not present any evidence that he is currently or was previously unable to pay his arrears because of his mental health." Trial Court Opinion, 9/12/23, at 4. Although Uryc allegedly had mental health struggles for many years, "he [had] been paying towards his arrears despite those struggles." **Id**. Ergo, "[h]is mental health is not something that would qualify as a substantial change in circumstances." **Id**. Relatedly, Uryc "has verifiable income and therefore is not precluded from paying the arrears based on his incarceration." **Id**., at 5. The court additionally noted that he "has consistently showed that he can pay." **Id**. While 15 U.S.C. § 1673 caps the percentage of an obligor's wages that may be garnished,[3] Uryc "indicated that he makes 61 cents per hour and works 40 hours a week," **id**., and therefore has the clear ability to pay "part of it[,]" **id**., notwithstanding the fact that he "may not be capable of paying the entire arrears obligation" of $105 a month. **Id.**

Given the broad discretion afforded to the lower court, we find that the court did not abuse its discretion or commit an error of law in concluding that Uryc failed to demonstrate a material and substantial change in his circumstances that could serve as a basis to affect his ability to pay his

---

[3] This federal provision, found in the federal Consumer Credit Protection Act, is made applicable in Pennsylvania through 23 Pa.C.S. § 4348(g).

outstanding obligation in arrears. First, Uryc's continued incarceration, standing alone, had already been determined in *S.E.U.* to not constitute a change in his circumstances. Second, it is wholly unclear how Uryc's previous mental health struggles, to which he has claimed to have largely recovered from, have impacted either his past or present ability to pay in a way that is independent from his term of incarceration. Uryc thus has not shown any reason for the court to modify or terminate his $105 per month support amount. As such, we affirm the lower court's order dismissing his appeal.

Order affirmed.

PJE Panella joins the memorandum.

Judge Kunselman files a dissenting memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/09/2024