**Betsy J. GREEN**

v.

**Arlin S. GREEN.**

**Appeal of: Delverde Corporation.**

**Betsy J. Green**

v.

**Arlin S. Green.**

**Appeal of: Arlin S. Green.**

**Betsy J. Green**

v.

**Arlin S. Green.**

**Appeal of: 1987 Arlin S. Green Trust.**

Superior Court of Pennsylvania.

Argued June 27, 2001.
Filed Aug. 31, 2001.
Reargument Denied Nov. 8, 2001.

Paul M. Hummer, Philadelphia, for Delverde Corp.

Arlan M. Kardon, Philadelphia, for Arlin S. Green.

Melissa H. Maxman and Michael Baylson, Philadelphia and Parker H. Wilson, Norristown, for Betsy J. Green, appellee.

Albert Momjian, Philadelphia, for 1987 Green Family Trust.

Before: HUDOCK, STEVENS and POPOVICH, JJ.

POPOVICH, J.

¶ 1 These appeals stem from the October 30, 2000, order of the Court of Common Pleas, Montgomery County, which ordered Arlin Green (Father) to pay Betsy Green (Mother) spousal support in the amount of $3,082.00 per week and child support in the amount of $5,072.00 per week, plus $842.00 per week in arrears. Father, Delverde Corporation (Delverde) and the Trustees of the Arlin S. Green Family Trust of 1987 (Trustees) filed appeals alleging that the trial court lacked the jurisdiction over the 1987 Trust, erred by refusing to adopt a prior order from Delaware County and erred in determining that Father created the 1987 Trust. Upon review, we vacate the trial court's order and remand for proceedings consistent with this opinion.

¶ 2 Father and Mother were married on October 13, 1985. The marriage bore three children, Alison (d.o.b. 9/26/89), Samuel (d.o.b. 12/8/90) and Michael (d.o.b. 7/6/94). Father and Mother separated in September of 1996, and Mother filed for divorce on October 22, 1996 in Montgomery County. On October 29, 1996, Mother then sought support from Father for herself and their three children. In response to Mother's support petition, on December 4, 1996, the Montgomery County Domestic Relations Section filed recommendations to which the parties filed exceptions and other related documents. By agreement between the parties, the usual hearing before a conference officer was bypassed, and a

*de novo* trial on support commenced on January 20, 1998. Hearings were held periodically over the next year with the final hearing held on January 11, 1999.

¶ 3 On February 17, 1999, Mother petitioned the trial court to join the Trustees as an additional defendant. The Trustees were joined on August 10, 1999.

¶ 4 By order dated August 25, 1999, the trial court ruled upon the parties' exceptions to the Domestic Relations' recommendations and determined their respective earning capacities. The trial court also stated, "Until such time that the Delaware County Court of Common Pleas determines whether the 1987 trust is income for purposes of support calculations, this Court shall not consider the Trust as income."

¶ 5 On November 12, 1999, Mother petitioned the trial court to join Delverde as an additional defendant. The trial court granted the petition, and Delverde was joined on December 17, 1999.

¶ 6 While the divorce action was proceeding in Montgomery County, the Trustees began an action in the Delaware County Orphans' Court. On January 25, 1999, the Trustees initiated a proceeding in Delaware County to determine as to whether 60 shares of stock in Superverde Holding Company, a closely held corporation, were the property of the 1987 Trust created by Father for the benefit of his spouse and children, or whether the 60 shares were actually property of a 1952 trust created by Florence Green (Father's mother), for the benefit of her children. On February 4, 2000, the Delaware County court found that the assets held by the 1987 Trust belong to and are part of the principal of the 1952 Trust created by Florence Green. Mother then filed a motion for reconsideration. The Delaware Court denied the motion, and Mother appealed at 1768 EDA 2000.

¶ 7 Also relating to the Delaware County action, Mother filed a petition seeking an accounting of the 1952 Trust on February 24, 2000. The Delaware Court granted Daniel Green's (Father's father) preliminary objections on the basis that Mother lacked standing and was barred from relitigating the issue of which trust "owned" the Superverde stock. Mother appealed at 1926 EDA 2000.

¶ 8 On June 25, 2001, this Court issued its decision relating to both of Mother's appeals from Delaware County. Relating to the appeal at 1768 EDA 2000, we held that this Court lacked jurisdiction to hear the appeal because it was untimely filed. As to the appeal at 1926 EDA 2000, we held that Mother lacked standing to demand an accounting of the 1952 Trust. *See In re: Trust Under Deed of Arlin S. Green,* 2001 Pa.Super. 186, 779 A.2d 1152 (2001).

¶ 9 While the appeals to the Delaware County action were pending before this Court, the divorce action continued in Montgomery County. On November 17, 1999, Mother petitioned the trial court to reopen the record to reconsider the order dated August 25th. On January 24, 2000, the trial court granted the petition. After further hearings, the trial court issued its support order on October 30, 2000. The trial court, contrary to the ruling of the Delaware County Orphans' Court and its previous order deferring to Delaware County, found that Father funded and created the 1987 Trust, and, therefore its assets were available to meet his support obligations. The court found Father's earning capacity from all sources to be $509,465.00 per month and Wife's earning capacity to be $2,153.00 per month. It directed that Father pay to Mother spousal support in the amount of $3,082.00 per week and child support in the amount of

$5,072.00 per week. *See* Trial Court Order, 10/30/2000, at 20.

¶ 10 Father filed a timely appeal of the support order at 3262 EDA 2000, Delverde filed its timely appeal at 3259 EDA 2000 and the Trustees filed their timely appeal at 3269 EDA 2000. These appeals were consolidated for disposition, and the issues were limited to child support issues.[1]

¶ 11 Appellants present the following issues on appeal:

1. Whether the trial court erred when it refused to apply the doctrine of collateral estoppel?

2. Whether the trial court erred when it found that it had exclusive jurisdiction over the 1987 Trust for the purpose of determining the availability of the 1987 Trust assets to meet Father's child support obligations?

3. Whether the trial court erred in finding that the 1987 Trust was a grantor trust?

4. Whether the trial court erred in determining Father's child support obligations?

Compiled from Father's Appellant Brief, at 4, Delverde's Appellant Brief, at 5 and the Trustees' Appellant Brief, at 4.

¶ 12 In reviewing a child support order, our standard of review is narrow: we will not interfere with the trial court's order absent a clear abuse of discretion, shown by clear and convincing evidence. *Frankenfield v. Feeser,* 449 Pa.Super. 47, 672 A.2d, 1347, 1349 (1996). "An abuse of discretion is more than an error of judgment. It must be a misapplication of the law or an unreasonable exercise of judg-

ment." *Darby v. Darby,* 455 Pa.Super. 63, 686 A.2d 1346, 1348 (1996) (citations omitted). The fact-finder is entitled to weigh the evidence presented and assess its credibility. *See Calabrese v. Calabrese,* 452 Pa.Super. 497, 682 A.2d 393, 395 (1996).

¶ 13 We will first address the appellants' issue regarding collateral estoppel. The appellants assert that the trial court was barred by the doctrine of collateral estoppel from determining that the assets of the 1987 Trust was available to Father to pay his support obligation because of the Delaware County Orphans' Court ruling on the same issue.

¶ 14 Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment. *See Yamulla Trucking & Excavating Co. v. Justofin,* 771 A.2d 782, 786 (Pa.Super.2001) (citations omitted), *see also Murphy v. Duquesne University of the Holy Ghost,* 565 Pa. 571, 777 A.2d 418, 2001 Pa. LEXIS 1507 (2001), at *44 (holding that collateral estoppel applies when the issue decided in the prior adjudication was identical with the one presented in the later action; there was a final judgment on the merits; the party against whom the plea is asserted was a party or in privity with a party to the prior

---

1. Mother filed a motion to quash those portions of the appeals that relate to the issue of spousal support. This Court granted this motion to quash on February 16, 2001, and permitted the appeals to proceed as to the issues relating to child support. *Cf. Hrinkevich v.* *Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237 (1996) (orders dealing with child support are immediately appealable) and *Leister v. Leister,* 453 Pa.Super. 576, 684 A.2d 192 (1996) (spousal support orders are predominantly interlocutory).

adjudication; and the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior adjudication).

¶ 15 The trial court found that collateral estoppel did not apply in the present case. After first stating that it would not consider the 1987 Trust as income until the Delaware County courts determined such, the trial court reversed its position and ruled on the creation and funding of the 1987 Trust. The trial court stated that its initial reason for deferring resolution of the trust issues to the Delaware County courts was because it was under the mistaken idea that both parties agreed to resolve the issues according to the decision of that court. *See* Trial Court Memorandum, 10/30/2000, at 11 note 2. The trial court continued and explained that the collateral estoppel argument fails because none of the requisite elements are met. It reasoned:

> First, there has been no re-litigation of any issue in the instant action as the Delaware County action did not commence until after the original de novo support proceedings before this Court concluded in January 1999. Second, because Wife had timely filed an appeal to the Delaware County Orphans' Court Decree of February 4, 2000, and such appeal is pending, the February 4, 2000 decree is not final. Third, although Wife was a party to the Delaware County action, she was not able to litigate against the non-party, Daniel Green [Father's father and Trustee of the 1952 Trust], whose Motion for Summary Judgment was granted in Delaware County by reason of the February 4, 2000 Order. Fourth, due to the Delaware County Court's refusal to allow

discovery to be completed; Wife did not have a full and fair opportunity to litigate the issue of funding of the 1952 Trust or any other issue, in Delaware County.

Trial Court Memorandum, 10/30/2000, at 11–13 note 2.

¶ 16 We disagree with the trial court's reasoning and find that all five conditions are present in this case.

¶ 17 The first and third elements of collateral estoppel are whether the issue decided in the prior case is identical to the one presented in the later case and whether the party against whom the plea is asserted was a party to the prior adjudication. *See Murphy, supra.*

¶ 18 In the case at bar, we have the same litigants disputing the same issue. In the Delaware County action, the Trustees filed a request for a declaratory judgment as to the issue of whether Father funded the 1987 Trust.[2] Mother filed objections. Several hearings on motions were conducted but there were no evidentiary hearings on the merits of the question of which trust, *i.e.,* the 1952 Trust or the 1987 Trust, held the shares of stock. The Delaware County Court granted David Green's cross-motion of summary judgment and held that the creation of the 1987 Trust was authorized and funded by the 1952 Trust. Mother filed a motion for reconsideration stating that evidence discovered during the Montgomery County litigation refuted the Delaware County Court's findings. It denied the motion, and Mother appealed at *In re: Trust Under Deed of Arlin S. Green,* 1768 EDA 2000. Mother also filed a petition seeking an accounting of the 1952 Trust. The Delaware County Court concluded that

---

**2.** The Trustees filed an accounting and proposed distribution of the 1987 Trust, but we noted that the filing was not an accounting but more in the nature of a request for a declaratory judgment. *See In re: Trust Under Deed of Arlin S. Green,* 1768 EDA 2000, at ¶ 4.

Mother lacked standing to petition for an accounting and that she was barred by the doctrine of collateral estoppel from re-litigating the issue of which trust owned the stock. She also appealed this ruling at *In re: Trust Under Deed of Arlin S. Green,* 1926 EDA 2000. We upheld the lower court's rulings. *See In re: Trust Under Deed of Arlin S. Green,* 2001 Pa.Super. 186, 779 A.2d 1152 (2001). We found that her first appeal was untimely pursuant to Pa.R.A.P. 903(a) and quashed the appeal, *see id.,* at ¶ 15, and we affirmed the lower court's finding that she lacked standing to petition an accounting of the 1952 Trust pursuant to *Rock v. Pyle,* 720 A.2d 137 (Pa.Super.1998), *see id.,* at ¶ 18.

¶ 19 In the case at bar, an issue before the trial court was whether Father funded the 1987 Trust. The Delaware County Orphans' Court had previously determined this identical issue. Mother, and the trial court, contend that the Delaware County action was not a "prior" case because it commenced after the Montgomery County case. However, we are not persuaded by this argument. While we recognize that the Delaware County action did begin after the Montgomery County action, we find that it was a prior case for collateral estoppel purposes.

¶ 20 The divorce action in Montgomery County began when Mother filed a divorce proceeding on October 22, 1996. While the trial court did hear testimony regarding the 1987 Trust and did grant discovery requests regarding the Trust, it did not assume jurisdiction over the Trust. Under Pennsylvania law, the exclusive jurisdiction over an *inter vivos* trust, as the 1987 Trust was, is in the orphans' court of the county in which the trust is located. *See* 20 Pa. C.S.A. § 711(3) and § 724(b)(1)(i). The Montgomery County action was not conducted in the orphans' court division. Moreover, Montgomery County did not ex-

ercise its jurisdiction over the trust until August of 1999 when the Trustees were added to the divorce action as additional defendants.

¶ 21 Delaware County assumed jurisdiction over the trust in January of 1999 when the Trustees commenced an action in its Orphans' Court to determine whether Father had funded the 1987 Trust. We note that no party contested Delaware County Court's jurisdiction over the 1987 Trust.

¶ 22 Because the Delaware County action began before the Montgomery County Court of Common Pleas joined the Trustees as a party, we find that the Delaware County action was a prior action for collateral estoppel purposes. Additionally, Mother was a party to both the Delaware County and Montgomery County actions. Therefore, the first and the third conditions of collateral estoppel have been met.

¶ 23 The second and fifth conditions of collateral estoppel are whether there was a final judgment on the merits in the prior proceeding and whether the issue was essential to that judgment.

¶ 24 Mother, and the trial court, next argue that collateral estoppel did not apply because the Delaware County Court's decree was on appeal to this Court and thus not a final judgment. However, such an argument is contrary to Pennsylvania law. A judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal. *See Shaffer v. Smith,* 543 Pa. 526, 673 A.2d 872 (1996). The Delaware County Court's decree on appeal denied Mother's objections and motion for summary judgment and found that the 1987 Trust was created and funded from the 1952 Trust. Therefore, the Delaware County Court's decree is a final judgment on the merits unless it is reversed on appeal. At

the time the trial court rendered its October 30th order, the Delaware County Court's decree had not been reversed. Therefore, it was a final judgment on the merits. Additionally, we note that we quashed that appeal from the Delaware County Court's decree. *See In re: Trust Under Deed of Arlin S. Green,* 1768 EDA 2000, at ¶ 15. The determination that the 1987 Trust was funded and created from the 1952 Trust was essential to the Delaware County Court's decree. Therefore, the second and fifth conditions of collateral estoppel have been met.

¶ 25 The fourth condition of collateral estoppel is whether the party against whom it is asserted had a full and fair opportunity to litigate the issue in question. Mother, and the trial court, argue that the fourth condition of collateral estoppel has not been met because she did not have a full and fair opportunity to litigate the issue in the Delaware County action.

■ ¶ 26 In the Delaware County action, Mother was a party to the action and had an opportunity to conduct discovery and participate in the hearings. In a legal tactical decision, Mother filed a motion for summary judgment. Rule 1035.2 permits a party to file a motion for summary judgment if no genuine issue of material fact exists. *See* Pa.R.Civ.P. 1035.2. The Delaware County Court denied Mother's motion and granted Daniel Green's cross-motion for summary judgment. Mother participated in the motions for summary judgment that declared that Father created and funded the 1987 Trust. From our limited review of the Delaware County action, we find that Mother previously had a full and fair opportunity to litigate the issue of the funding of the 1987 Trust. Therefore, the fourth and final condition of collateral estoppel has been met.[3]

¶ 27 Accordingly, we find that the trial court erred in finding that the doctrine of collateral estoppel did not bar Mother from re-litigating the issue as to whether Father funded the 1987 Trust.

¶ 28 Since we have found that the trial court was barred from finding that the 1987 Trust could be used to pay Father's child support obligation, we need not address the remaining issues on appeal. Therefore, we vacate the trial court's support order dated October 30, 2000, as to child support and remand for a recalculation of Father's earning capacity and child support obligation.

¶ 29 Order vacated. Case remanded to trial court for proceedings consistent with this opinion. Jurisdiction relinquished.

---

**3.** Mother contends that Father and the Trustees concealed documents, thus preventing her from having a full and fair opportunity to litigate. She now argues that she should be permitted to re-litigate the issue before the Montgomery County courts. However, issues relating to the Delaware County Court's decree have been previously argued. In fact, Mother petitioned the Delaware County Orphans' Court to reconsider its ruling in light of the "newly discovered" documents. However, it denied the request. Mother then appealed to this Court in *In re: Trust Under Deed of Arlin S. Green, supra.* We quashed the appeal as untimely and did not have jurisdiction to address the issue of whether Father and the Trustees concealed documents during discovery. Therefore, we will not revisit those issues that we previously disposed of in the Delaware County appeals. *See id.*