J-S21005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BOOLANCHAI KETSIRITHAWINWONG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| URIAH WELLS | : | |
| | : | |
| Appellant | : | No. 1547 WDA 2019 |
| | : | |

Appeal from the Order Entered September 20, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD 17-004955

BEFORE: LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 24, 2020**

Uriah Wells (Husband) appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing, in part, his exceptions to the Master's recommendation and enforcing the parties' May 8, 2015 marital settlement agreement (MSA) in favor of Boolanchai Ketsirithawinwong (Wife). After careful review, we affirm.

The parties married on December 28, 2002 in Union City, Pennsylvania. They are the parents of three minor children, ages 10, 13 and 16. During the marriage, Wife was a stay-at-home parent and obtained bachelor's and master's degrees in information science. Husband is a certified public accountant.

The parties moved to New Jersey and, in 2012, they separated. Wife filed for divorce and, on May 8, 2015, the Sussex County Court in New Jersey

entered a divorce decree, which incorporated[1] the parties' MSA of the same date. At that time, Wife continued to reside in New Jersey, and Husband moved to Crawford County, Pennsylvania.

In April 2016, Wife moved to Allegheny County and obtained a job earning $70,000 per year. In June 2017, Husband moved to Austin, Texas, and obtained employment earning $140,000 per year.[2] Wife has primary physical custody of the children. Father has partial physical custody of the children. The parties share legal custody.

> [T]he MSA provided that Husband would pay Wife alimony at a rate of $17,000 per year for seven years, beginning November 1, 2015. The MSA allowed that either party could apply to a court to review alimony upon a change of circumstances. However, it also made clear that, **"[r]egardless** of Husband's employment circumstance, alimony shall commence on November 1, 2015."[3] . . . Pursuant to the MSA, Husband [] was to pay child support of $263 per week retroactive to February 6, 2015, with arrears set

---

[1] Generally, whether an agreement merges into a decree or is simply incorporated affects the parties' ability to modify or enforce the agreement. **See Ballestrino v. Ballestrino**, 583 A.2d 474, 476 (Pa. Super. 1990) (incorporated agreement is governed by law of contracts; merged agreement is subject to full range of modification permitted a court order). **Cf.** 23 Pa.C.S.A. § 3105(b) (permitting modification of child support orders upon showing of changed circumstances regardless of merger).

[2] At the time of the September 4, 2018 hearing before Special Master Serena Newsom, Esquire, Husband testified that his salary had increased to $150,000. N.T. Hearing, 9/4/18, at 52.

[3] **See** MSA, 5/8/15, at ¶ 44. The MSA set Husband's gross annual income at approximately $86,000, even though Husband was unemployed at that time. At the time the parties entered into the MSA, Wife had been working for ten months and had an income of $40,000. **Id.** at ¶¶ 21, 22, 43; N.T. Hearing, **supra** at 36.

at $3,419. . . . Husband agreed to pay $35 per week toward [Wife's student] loan obligations of $397 per month.

Trial Court Opinion, 12/18/19, at 2-3, citing MSA, 5/8/15, at ¶¶ 23, 31, 33, 39-40, 44 (emphasis in original).

Following execution of the MSA, Husband filed duplicate petitions to modify child support and alimony in different jurisdictions, complicating the already convoluted procedural history of this case. The Honorable Kathryn Hens-Greco clarified as follows:

After the MSA was executed [on May 8, 2015], Husband quickly turned around and petitioned the New Jersey [c]ourt to decrease his child support, but his request was denied on November 20, 2015. That [c]ourt then also ordered that Husband pay child support and arrears by garnishment from his pay of $95,000 that he was earning at [] an accounting firm. The Master noted that Husband's pay with the accounting firm was garnished through December 24, 2015, except the $35 toward loan payments was not included. Thereafter, Husband moved to Meadville in Crawford County, Pennsylvania. In February 2016, Husband filed in two places, both New Jersey and Crawford County, to reduce his child support payments. He succeeded in obtaining an [o]rder from Crawford County on March 16, 2016, reducing his child support payments from $333 per week to $381 per month. . . . Meanwhile, Husband also participated in a hearing on his simultaneous New Jersey petition to reduce child support and obtained an order dated March 1, 2016, for a different amount of arrears than was ordered in Crawford County[,] with a hearing date in New Jersey of March 22, 2016. At a subsequent hearing, Wife informed the New Jersey [c]ourt that Husband had an action underway in Crawford County, and the New Jersey [c]ourt dismissed Husband's modification petition. In April of 2016, Wife moved to Allegheny County to take a better position earning approximately $70,000. Not long after, on May 2, 2016, Husband filed yet another petition to modify child support even though a de novo hearing was already pending at his request. As of May 23, 2016, Crawford County suspended Husband's support order, with Husband directed to pay only $51 per month on his arrears of approximately $15,000. . . . In June of [2017], Husband

> obtained employment in Texas for approximately $140,000 per year. Nonetheless, in that very same month, he filed a motion in New Jersey to decrease his alimony payments – which he had not been paying in any event– and to vacate his arrears. The New Jersey [c]ourt ultimately declined to hear the matter for lack of jurisdiction. Although Husband now had a six-figure income, he took no steps to send any additional child support or alimony payments to Wife.

Trial Court Opinion, 12/18/19, at 3-5 (citations omitted).

It was not until the end of June 2016 that Husband updated his employment information, and Crawford County resumed wage attachment for Husband's child support obligation–$102 per month, representing $51 per month for three children, plus $51 toward arrears. In October of 2017, the process of transferring the child support case from Crawford County to Allegheny County began; Wife was notified that she could not file a petition to modify support in Allegheny County until the transfer had been completed, a process that took three months.

On January 15, 2018, with the transfer completed, Wife filed a petition to modify child support; Husband filed an emergency petition to modify alimony on March 23, 2018. The Master consolidated those petitions, held a hearing on March 26, 2018 and ordered Husband to pay child support of $1,689.48 per month, with $160 per month on arrears of $3,697.19, *retroactive to February 14, 2018.* The master continued Husband's petition to modify alimony pending registration of the out-of-state MSA.

On June 18, 2018, the MSA was registered in Allegheny County, and the Master heard argument on alimony modification and enforcement of the MSA.

- 4 -

On April 19, 2019, the Master issued her report and recommendation. The Master recommended denying Husband's petition to modify alimony. The Master also recommended granting Wife's petition to enforce alimony under the MSA, retroactive to February 25, 2016, awarding Wife retroactive child support for the three children for the period June 15, 2017 (Husband's date of employment in Texas) through February 13, 2018, in the amount of $1,772.99 per month, and adding $2,500 to Husband's child support arears. Finally, the Master recommended Husband pay a lump sum of $6,230 toward Wife's student loan within 45 days.

Husband filed exceptions to the Master's report and recommended order. On September 20, 2019, the court entered an order, granting in part[4] and denying in part Husband's exceptions. The order enforced: Husband's monthly alimony obligation retroactive to February 25, 2016; Husband's child support obligation for the three minor children retroactive to June 15, 2017; and Husband's obligation to pay $35.00 per week towards Wife's outstanding student loan obligation, beginning November 1, 2015 and ending upon termination of alimony obligation. Order, 9/20/19.

---

[4] The court granted Husband's exception with respect to the lump sum payment. The order provides, in part: "[Husband's] seventh exception is granted in that he shall not be required to pay [Wife] the sum of $8,730 [representing $2,500 in child support arrears and $6,230 for Wife's student loan] in a lump sum; rather, [Husband] shall pay [Wife] the sum of $8,730 in 4 equal installments at 60-day intervals beginning on the 30th day from the date of this Order." Order, 9/20/19.

Husband filed a timely notice of appeal on October 18, 2019. Both Husband and the trial court have complied with Pa.R.A.P. 1925. Husband raises five issues for our review:

1. Did the [court] err in changing the retroactivity date of Husband's child support obligation despite a hearing and final order to which no exceptions were filed?

2. Did the [court] err in retroactively applying Husband's alimony obligation despite a consent order and testimony that showed that [] Wife agreed to drop alimony?

3. Did the [court] err in determining that $2,500 in child [support] arrears, entered in New Jersey, were not included in the arrears amount transferred from New Jersey to Pennsylvania?

4. Did the [court] err in determining that $35 per week for a student loan payment, entered in New Jersey, [was] not included in the arrears amount transferred from New Jersey to Pennsylvania?

5. Did the [court] err in not modifying Husband' alimony obligation, despite a substantial change in circumstances?

Appellant's Brief, at 9.

Husband first challenges the court's order awarding child support to Wife retroactive to June 15, 2017, the date Husband began his employment in Texas. He argues: Wife did not raise this issue at the March 26, 2018 hearing; following the hearing the Master recommended an order retroactive to February 14, 2018; neither party filed exceptions; the order was made final on April 24, 2018; and Wife did not appeal that order. Husband contends, therefore, that retroactive modification of child support for the period between June 15, 2017 and February 13, 2015 is barred by the doctrine of res judicata. We disagree.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Silver v. Pinskey*, 981 A.2d 284, 291-92 (Pa. Super. 2009) (en banc) (citations omitted). "A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C.P.1910.1 *et seq*., or abused its discretion in applying these Rules." *Christianson v. Ely*, 838 A.2d 630, 634 (Pa. 2003) (citation omitted).

Pursuant to Pennsylvania Rule of Civil Procedure 1910.17(a), support actions, generally, are retroactive to the time of the filing for modification—here, Wife's January 15, 2018 filing. The trial court acknowledged this, but pointed out that the rule allows for modification prior to the date of filing under certain circumstances.

Rule 1910.17(a) provides:

(a) An order of support shall be effective from the date of the filing of the complaint or petition for modification unless the order specifies otherwise. In a child support case, if a change in custody occurs after the date of filing, but before a domestic relations conference is held, the trier of fact shall enter a charging order going forward in favor of the primary custodian that shall be effective from the date of the change in custody. The trier of fact

also may enter a retroactive arrears order in favor of the party who was the primary custodian at the time of filing. Such an order may address the period from the date of filing to the date of the change in custody. ***However, a modification of an existing support order may be retroactive to a date preceding the date of filing if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason[,] and if the petitioner, when no longer precluded, promptly filed a petition.***

Pa.R.C.P. 1910.17(a) (emphasis added).

Wife testified that she was aware in June 2017 that Husband had obtained employment in Texas, but she did not know his employer, and it was not until late June 2017, that Husband updated his employment information with Crawford County. N.T. Hearing, 9/4/18, at 16-17; Master's Report and Recommendation, 4/3/19, at 6. Further, at that time, the child support case had not yet been transferred from Crawford County to Allegheny County. Wife was precluded from seeking modification until that process was complete, and transfer was not completed until January 11, 2018. N.T. Hearing, ***supra*** at 8; Master's Report and Recommendation, ***supra*** at 6. Within four days of the transfer, Wife filed her petition for modification. ***See id.*** ("January 15, 2018: Date of Wife's Petition for Modification of Support.").[5]

Wife had a "compelling reason" for not filing for modification prior to her January 2018 petition, and "when no longer precluded, promptly filed a petition" within four days of the transfer. Pa.R.C.P. 1910.17(a). The trial

---

[5] This petition was entered on the Allegheny Court of Common Pleas docket on January 16, 2018.

court properly considered the rules of court. *Christianson*, *supra*. Accordingly, we find no abuse of discretion. *Silver*, *supra*.

We also agree with the trial court's determination that Husband cannot rely on res judicata to shirk his support obligation.

> Given the fact that Wife in this case did show diligence in attempting to secure support for the three children across three jurisdictions in a case so confusing that the Master had to undertake a careful review of the procedural history over a period of months, and given that Husband [] helped create the confusion and took no action to voluntarily support the children, this Court will not disturb the Master's conclusion. The equities, law and policy militate in favor of holding Husband responsible for the support of his three children, his arguments on technicalities and non-substantive, procedural matters notwithstanding.

Trial Court Opinion, *supra* at 10. *See Christianson*, *supra* (parental support obligation is positive duty and requires affirmative performance; laches does not arise unless party's rights have been so prejudiced by delay of another in pursuing claim that it would be injustice to permit assertion of claim against party so prejudiced); *cf. Sutliff v. Sutliff*, 489 A.2d 764, 781 (Pa. Super. 1985) (party entitled to support "should not be penalized for having to resort to time-consuming court proceedings.").

Next, Husband claims the court erred in ordering retroactive application of his alimony obligation because Wife "agreed to drop alimony." Appellant's Brief, at 22. This claim is meritless. Husband has mischaracterized Wife's testimony.

At the September 4, 2018 hearing, the Master had before her the issue of enforcement of the alimony provision in the MSA. With respect to alimony, the MSA provides:

> "In consideration of the terms and provisions of this [MSA], the Wife has agreed to accept, and the Husband has agreed to pay, alimony to the Wife as follows: a. Seven (7) year term [of] alimony; b. The Husband's Alimony obligation shall be $17,000.00 per year; and c. Shall commence on November 1, 2015[;] [*r]egardless of husband's employment circumstances, alimony shall commence on November 1, 2015.*

MSA, *supra* at ¶¶ 23, 44 (emphasis added). In support of his claim, Husband points to Wife's testimony on cross-examination:

> Q: Based on your petition it would appear that you don't believe that Mr. Wells is paying any money toward alimony, is that your understanding?
>
> A: Yeah, because it doesn't say anything in my provision account it's for alimony support, it states only child support. Then I don't have [] proof that Crawford County messed up adding my name in there. They say support three child, dropped alimony because he didn't earn enough money to pay for alimony, support just.
>
> Q: You agree that you dropped alimony?
>
> A: Yes, I agreed.
>
> > [MASTER NEWSOM]: I'm sorry, just so I'm clear, **you said Crawford County dropped the alimony** because there was not enough income to pay alimony when you were earning more than he was, correct?
>
> MS. KETSIRITHAWINGWONG: Right.
>
> > [MASTER NEWSOM]: Thank you.

N.T. Hearing, *supra* at 23 (emphasis added).

The Crawford County order dropped the alimony because Husband was unemployed at the time it was entered. The Master clarified Wife's testimony and, as the trial court noted, Wife was not a "native speaker of English," Trial Court Opinion, *supra* at 11. The Master found Wife credible and found nothing to support Husband's position that Wife "agreed to suspend the alimony payments if not terminate them at [at the time of the December 2016 order]." N.T. Hearing, 9/4/18, at 38. In fact, the Master found Husband's actions contradicted this position because he filed a motion to modify alimony in June of 2017. Master's Report, *supra* at 12. "The fact-finder is entitled to weigh the evidence presented and assess its credibility." *Green v. Green*, 783 A.2d 788, 791 (Pa. Super. 2001).

The court enforced the alimony provision pursuant to the terms of the MSA. *See* 23 Pa.C.S.A. § 3105(a) (party to agreement regarding matters within jurisdiction of court under this part, whether or not agreement has been merged or incorporated into decree, may utilize remedy or sanction set forth in this part to enforce agreement to same extent as though agreement had been order of court, unless otherwise provided in agreement). We find no error.

In his next two issues, Husband claims Wife failed to meet her burden of proving that $2,500 in child support arrears and $35 per week for her student loan payment were not included in the arrears amount transferred from New Jersey to Pennsylvania. *See Habjan v. Habjan*, 73 A.3d 630, 643

(Pa. Super. 2013) (petitioner has burden of proving entitlement to relief sought). This claim is also meritless.

Wife sought enforcement of the relevant MSA provisions through the New Jersey court. On December 2, 2015, the New Jersey court entered an order directing Husband to pay $2,500 in child support arrears and directing Husband to pay Wife's student loan payments of $35 per week. **See** Order, 12/2/15 (Docket N. FM-19-69-13). Husband argues that Wife has not shown that those amounts were not already included in arrears when the New Jersey order was transferred to Pennsylvania. The Master found otherwise. With respect to the $2,500 in child support arrears, the Master stated:

> No testimony and/or documentation was offered by Husband that he had paid this amount, in whole or in part, since [December 2, 2015]. Furthermore, Wife testified that this amount was not included in any "arrears" calculation and the Master found no evidence in the pleadings or support orders to contradict Wife's testimony. [This] obligation has been outstanding since February 6, 2015, with no payments made by Husband toward this amount for over 3 ½ years as of the date of the hearing.

Master's Report, 4/1/19, at 19.

With regard to the $35 weekly payments on Wife's student loan, the Master found that those payments were never garnished or paid through the court as was intended. Further, when Crawford County assumed the case in February 2016, there was no reference to collection of this loan repayment owed to Wife. **Id.** at 20. "Notably, there was no testimony or documentation offered by Husband that he had made any of these weekly payments to Wife. As such, the Master[,] being presented with no evidence disputing Wife's

assertion that this amount has not been paid to her by Husband, Wife's request for relief is granted." ***Id.*** at 20-21.

The Master found Wife's testimony credible, and the trial court deferred to the Master's credibility determination. We agree with the trial court and conclude Wife has met her burden of proof. ***Green***, ***supra***.

In his final issue, Husband claims his alimony payment should have been reduced in light of the substantial change in circumstances. In particular, Husband points to the increase in Wife's salary, from $40,000 to $70,000. This claim is meritless.

When reviewing a spousal support case, we must determine whether the trial court has abused its discretion. ***Dudas v. Pietrzykowski***, 849 A.2d 582, 585 (Pa. 2004). "Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court." ***Dalrymple v. Kilishek***, 920 A.2d 1275, 1278 (Pa. Super. 2007) (citation omitted).

The parties' MSA provides:

> Either party will have the right to make application to the [c]ourt to review alimony by presenting evidence of a change of circumstances, which may include disability or good faith retirement at an appropriate time. That review should include, but not be limited to the parties' income and assets from all sources and the needs of the Husband and the Wife. At that time both parties agree to provide full financial disclosure as to his or her income, assets and liabilities[,] including a completed Case Information Statement certified to by the party signing.

MSA, ***supra*** at ¶ 31.

The Master acknowledged a change in circumstances, but declined to reduce the payment or its duration. Notably, Husband fails to account for his increase in salary or the fact that the ratio between his salary and Wife's salary has remained relatively the same since the parties entered into the MSA. The MSA set Wife's income at $40,000 and Husband's income at $86,000; at the time of the hearing, Wife was earning $70,000 and Husband was earning $150,000. Wife earns less than one-half of what Husband earns. Although Husband argues he was unemployed for two years, that argument cuts both ways. During that time, Wife was not receiving her alimony payments, which obviously caused financial strain, and which, according the parties' MSA, she was entitled to "regardless of Husband's employment circumstance." MSA, *supra* at ¶ 44.[6]

We commend the Master's clarification and analysis of this complex procedural history, and we agree with the trial court's order. We find no error or abuse of discretion. *Dudas*, *supra*; *Silver*, *supra*.

Order affirmed.

---

[6] Notably, Husband's alimony payments lapsed in 2015. During the period from June 2017 (when he obtained employment in Texas) to March 2018 (the Master's hearing addressing Wife's petition for enforcement and Husband's subsequent petition to modify alimony), Husband did not revive the alimony payments and/or voluntarily increase his child support payment, which at that point was $102 per month for three children. *See* Master's Report, *supra* at 11; citing PACSES (Pennsylvania Automated Child Support Enforcement System) Order, 12/12/16.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2020