J-A04030-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.H., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| E.H., | : | |
| | : | |
| Appellee | : | No. 1998 EDA 2019 |

Appeal from the Order Entered June 12, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-15447
2016-DR-01277
Pacses No. 748111495

BEFORE:    PANELLA, P.J., STRASSBURGER, J.* and COLINS, J.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED MAY 18, 2020**

K.H. (Mother) appeals from the June 12, 2019 order, which denied Mother's exceptions, preliminary objections, and motion for judgment on the pleadings, and affirmed the Master's order awarding E.H. (Father) credit for overpayment of child support. Upon review, we affirm.

The trial court provided the following extensive background. Mother and Father are the parents of A.H., born in 2009.

> In 2010, a divorce decree was issued in Delaware County, P[ennsylvania], incorporating a Marriage Settlement Agreement between the parties dated August 28, 2010. Pursuant to the Agreement and Order, Father was obligated to pay child support to Mother in the amount of $460 per month commencing as of May 1, 2010.
>
> On August 4, 2012, Mother filed a petition in Delaware County to increase Father's child support obligation; however, the petition was denied.

---

*Retired Senior Judge assigned to the Superior Court.

In January 2014, Mother filed a second petition in Delaware County to increase Father's child support obligation. While this petition was pending, the parties entered into an agreement dated September 14, 2015, incorporated into an order dated September 15, 2015,[2] issued in Montgomery County, wherein the parties agreed to the settlement of the pending support action brought by Mother.  They agreed that Father's child support obligation would be waived and any arrearages marked as "zero" upon Father complying with the execution of all documents required by the agreement.  (*Note:* In an order dated August 30, 2017,[1] th[e trial] court found that the agreement was enforceable and binding and that Father had complied with the execution of all required documents.)

_____

[2] The agreement dated September 14, 2015 is a comprehensive document containing 96 paragraphs.  The intent of the parties was to memorialize their global agreements, and more specifically, in relation to Mother's support exceptions, Mother's agreement to terminate the support order.  **See** paragraphs 47 through 52.  The document was prepared by Mother's attorney and she acknowledged that she understood the provisions of the agreement and acknowledged that it was fair and equitable.  **See** paragraph 96.

Notwithstanding the parties' September 2015 agreement/order waiving child support and arrearages, Mother's January 2014 petition for modification of child support was heard by a Delaware County Support Master in January 2016, who issued a recommendation and interim order dated January 16, 2016, finding that Father should pay $2,000 per month in child support.[5]  On January 27, 2016, Father filed support exceptions and a *de novo* appeal from this interim order.

_____

[1] This order was dated August 30, 2017, and filed August 31, 2017. The trial court and a prior panel of this Court referred to this order by its written date, as opposed to its filing date.  For consistency, this Court will also refer to this order by its written date of August 30, 2017, within this memorandum.

_____
[5] It appears that the Master issued this interim order based upon his interpretation of the parties' September 2015 agreement. Pursuant to his interpretation, Father was obligated to pay $2,000 per month in child support as a "penalty" under the agreement and not based upon the parties' actual income. Interpretation of the terms of an agreement is beyond a Master's legal authority. In th[e trial] court's order dated August 30, 2017, it was held that Father is not subject to any "penalty" under the terms of the parties' agreement and did not owe child support in the amount of $2,000 per month. Mother's appeal of this order was quashed by the Pennsylvania Superior Court [] on February 7, 2018 (No. 3941 EDA 2017). Therefore, the order dated August 30, 2017 is final and binding.

The matter was assigned before The Honorable William Mackrides. On May 16, 2016, Judge Mackrides took the case under advisement and stayed enforcement of any support orders[,] placing the matter in non-financial obligation status until the issuance of a decision.

On June 14, 2016, Judge Mackrides transferred jurisdiction and venue of the support matter to Montgomery County[]. A transfer order was also issued in Delaware County on the same date signed by the motion judge, The Honorable Margaret J. Amoroso. The transfer order referenced the Delaware County support order dated April 16, 2010 and directed that Father pay $460 per month in child support and arrearages of $3,353.88 as of June 14, 2016.[7]

_____
[7] The transfer order conflicts with Judge Mackrides' order dated May 16, 2016 and does not supersede his stay and placement of this case in non-financial obligation status.

On June 24, 2016, an acceptance of transfer order was issued by The Honorable Rhonda Lee Daniele transferring the matter to Montgomery County. Pursuant to the terms of the acceptance of transfer order, the Delaware County order dated April 16, 2010, was accepted and Father's child support obligation was determined to be $0 per month with no arrearages due.

On July 7, 2016, Mother filed a petition to modify the June 24, 2016 Montgomery County order, but her petition was dismissed. Mother did not appeal this decision and the June 24, 2016 [order] became final and binding.

On August 31, 2016, Mother filed another petition to modify child support in Montgomery County. An order was issued in this proceeding on August 30, 2017, wherein th[e trial] court made the following findings, as are relevant herein:

1) The parties' agreement dated September 14, 2015 is a valid and binding contract.

2) Father was not required to pay $2,000 per month in child support as a "penalty" under the terms of the agreement.

3) Father and Mother **agreed** to the waiver of child support and the payment of any arrears by Father effective September 15, 2015, under the terms of the agreement/order.

4) Notwithstanding the parties' agreement to waive support, pursuant to the child support proceeding commenced by Mother, the facts supported an award of child support under the Commonwealth's *parens patriae* responsibility to the minor child. Father was directed to pay child support in the amount of $739.03 per month retroactive to the date of Mother's application for modification of child support on August 31, 2016.

5) The Montgomery County order dated June 24, 2016, issued by Judge Daniel[]e is final and binding on this court and directs as of the date of the order, Father had no child support obligations and owed no arrears. Th[e trial] court has no authority to overrule this final order.

Mother filed a motion for reconsideration and an appeal. Both were denied with the appeal having been quashed.[2] Accordingly, the order[s] dated June 24, 2016 [and August 30, 2017 are] final and binding on the parties.

A notice of proposed reduction was sent to the parties by Montgomery County Domestic Relations Office ("DRO") on September 25, 2017, and a conference was subsequently held on November 30, 2017 before a Support Master. No agreement was reached and a support hearing was scheduled for January 10, 2018, which was thereafter cancelled in accordance with the following DRO administrative actions:

1) A letter dated January 23, 2018 was sent to both parties from Gary W. Kline, Director of Montgomery County DRO. The letter indicated that after clarifying the matter with th[e trial] court, the effective date of Father's child support obligation in the amount of $739.03 (pursuant to the August 30, 2017 order indicated above) is August 31, 2016. Director Kline further stated that: "There is no support order from September 15, 2015 to August 31, 2016. No adjustments will be made on this account until further order of the court or agreement of the parties."

2) A notice of proposed reduction of the charging order was issued on February 14, 2018, indicating that Father had overpaid child support in the amount of $11,320.40. Mother objected to the charging order and a hearing was held on June 5, 2018 before Master Mindy Harris, Esq. On June 13, 2018, Master

_____

[2] Mother filed a notice of appeal on December 6, 2017, from the November 7, 2017 order denying her motion for reconsideration of the August 30, 2017 order. Because an appeal must be filed timely from the underlying order, not an order disposing of a motion for reconsideration, this Court *sua sponte* quashed Mother's December 6, 2017 notice of appeal as untimely filed from the August 30, 2017 order. In so doing, this Court noted that the lower court failed to dispose of Mother's motion for reconsideration in a timely manner, and was therefore without jurisdiction to enter the November 7, 2017 order. *Per Curiam* Order, 2/7/2018, at 1-2 (unnumbered).

>Harris issued a recommendation and order attaching an audit dated June 6, 2018, by Montgomery County DRO "reflecting an accurate history of the entire case." The audit showed an overpayment of $7,747.94. To resolve the overpayment, Master Harris directed that Father pay 80% of his monthly child support obligations until the credit is exhausted. Mother filed exceptions that went before The Honorable Emanuel A. Bertin.
>
>In a memorandum and order issued by Judge Bertin dated October 10, 2018, both parties were granted leave to file a petition to set the arrearages or credits, with the matter to be heard before th[e trial] court. On October 30, 2018, Mother filed a petition to set arrearages. On February 21, 2019, she also filed a motion for judgment on the pleadings in accordance with Pa.R.C.P. 1034. Father filed an answer and new matter and counterclaim on February 27, 2019. Mother filed preliminary objections to the same on March 18, 2019. Argument by counsel was heard in this matter on April 23, 2019.

Order, 6/12/2019, at 1-4 (unnecessary capitalization and some footnotes omitted).

By order of June 12, 2019, the trial court denied Mother's exceptions, preliminary objections, and motion for judgment on the pleadings, and affirmed the Master's June 13, 2018 order regarding Father's receiving credit for overpayment of child support. *Id.* at 8. Mother timely filed a motion for reconsideration, which the trial court denied. This timely-filed appeal followed.[3]

---

[3] Both Mother and the trial court have complied with the mandates of Pa.R.A.P. 1925. We note that Father chose not to file a brief because he was in agreement with the trial court's order and opinion. Letter from Father, 11/21/2019.

On appeal, Mother raises three questions for our consideration.

[1] When child support is to be placed into non-financial support obligation status must all of the notice and hearing requirements of [Pa.R.C.P. 1910.19(f)] be complied with before a stay can issue[,] which terminated child support for almost one year?

[2] Whether the trial court abused its discretion and committed errors by violating the coordinate jurisdiction rule when it determined that only some of the court orders issued in a coordinate and transferring jurisdiction needed to be followed and when the court misinterpreted another order by essentially reading into that order language not contained in the order[, t]he result of which was the improper termination of child support for almost one year[.]

[3] Whether the trial court erred in interpreting the agreement among the parties in a manner, which was and continues to be[,] prejudicial to [M]other[.]

Mother's Brief at 5 (trial court answers and unnecessary capitalization omitted).

We begin with our well-settled standard of review in child support cases.

Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

*J.P.D. v. W.E.D.*, 114 A.3d 887, 889 (Pa. Super. 2015) (citation omitted).

Initially, we observe that Mother's claims do not challenge the substance of the order appealed from, which dealt solely with awarding credit to Father for overpayment of child support. Rather, it is evident that this appeal is nothing more than Mother attempting to take another bite of the apple, in that all of her claims challenge the August 30, 2017 order and the trial court's interpretation of the 2016 transfer orders therein.

Specifically, in her first issue, Mother argues that the trial court misinterpreted the May 2016 order as placing the matter in non-financial obligation status because Judge Mackrides did not comply with the requirements of Pa.R.C.P. 1910.19(f) prior to imposing the May 2016 order, and therefore, Mother contends, Father should owe child support from September 15, 2015, forward. Mother's Brief at 14-21. In the August 30, 2017 order, the trial court determined that the May 2016 order placed the matter in non-financial obligation status pursuant to Pa.R.C.P. 1910.19(f), and concluded that Father owed child support from the time of Mother's August 31, 2016 petition to modify. Order in Support Exceptions, 8/30/2017, at 2, 7; Order, 8/30/2017. Thus, Mother had the opportunity to challenge the trial court's interpretation of the May 2016 order, along with the determined start date for support payments, in her motion for reconsideration of the August 30, 2017 order. In her motion for reconsideration, contrary to her position in this appeal, Mother acknowledged that the May 2016 order had placed the matter in a non-

financial obligation status and requested that the award of child support be retroactive to May 16, 2016, not the September 2015 date she uses now. Mother's Petition for Reconsideration, 10/2/2017, at ¶ 4.

In her second claim on appeal, Mother argues that the trial court erred in ignoring Judge Amoroso's 2016 transfer order while upholding Judge Daniele's 2016 transfer order. Mother's Brief at 22. Again, this relates back to the trial court's interpretation of the 2016 transfer orders in the August 30, 2017 order, which Mother already challenged in her motion for reconsideration of the August 30, 2017 order. **See** Mother's Petition for Reconsideration, 10/2/2017, at ¶ 8.

In her third claim, Mother argues that the trial court erred in interpreting the parties' September 14, 2015 agreement in a manner prejudicial to Mother. Mother's Brief at 24. On appeal, Mother argues that the trial court erred in characterizing the agreement as being written by Mother's counsel, and by finding that Mother had unclean hands. **Id.** at 24-25. Again, this relates back to the trial court's findings in the August 30, 2017 order, which Mother specifically challenged in the prior, quashed appeal. Statement of Matters Complained of on Appeal, 12/6/2017, at ¶¶ 1, 6 (arguing that the trial court erred in determining agreement was drafted by Mother's counsel and that Mother had unclean hands).

As detailed *supra*, Mother already attempted to appeal from the August 30, 2017 order. This Court quashed that appeal as untimely filed.

As such, this Court will not revisit those issues that were previously argued. *See Green v. Green*, 783 A.2d 788, 794 n.3 (Pa. Super. 2001) (rejecting appellant's request to re-litigate an issue on appeal from a Montgomery County court order when the same issue had been brought before the Delaware County courts, denied, appealed to this Court, and quashed by this Court as untimely filed). Moreover, Mother has forfeited her right to raise any claims challenging the 2016 transfer orders or the August 30, 2017 order as the appeal period for challenging those orders has long since passed. *See* Pa.R.A.P. 903(a) ("[T]he notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Mother includes in her third claim an argument that the trial court demonstrated prejudice towards Mother in its June 12, 2019 order by mentioning its prior finding of Mother acting in bad faith and having unclean hands. Mother's Brief at 24. Contrary to Mother's claim, when taken in context, it is evident that the complained-of passage was an attempt to forestall any potential claim of prejudice. While providing this Court with the procedural history of the matter, the trial court noted that although it had found Mother to have acted in bad faith and with unclean hands in the August 30, 2017 order, "Mother's prior conduct, however, has no relevance to the issues of child support that are presently before [the trial court]." Order, 6/12/2019, at 4-5.

Based on the foregoing, Mother has failed to convince us that the trial court abused its discretion in entering the June 12, 2019 order. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/20